## HOSPODER v. UNITED STATES.
### No. 11125.

United States Court of Appeals
Third Circuit.

Argued Nov. 19, 1953.

Decided Dec. 29, 1953.

Vincent E. Hull, Paterson, N. J., for appellant.

Herman S. Greitzer, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., Washington, D. C., William F. Tomkins, U. S. Atty., Newark, N. J., Samuel D. Slade, Attorney, Department of Justice,

Washington, D. C., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Appellant filed a complaint on May 9, 1952, in which the United States was named as defendant, wherein he alleged that he had been a member of the armed forces of the United States from June 15, 1943, to November 25, 1945; that in October, 1944, while on active service, he sustained an injury which aggravated an existing physical condition; that he had been issued a $10,000 National Service Life Insurance Certificate; that as a result of the aforesaid injury he became totally and permanently disabled; that by the terms of the Insurance Certificate he became entitled to certain payments on account of his disability and that the Veterans' Administration had arbitrarily and capriciously rejected his claim. The relief sought was an award of monthly payments in accordance with the terms of the Insurance Certificate.

After being served with a notice of motion to dismiss the complaint appellant filed an amended complaint on November 10, 1952. In this pleading the Insurance Certificate is not mentioned, the allegations being that the Veterans' Administration, including its Board of Appeals, had arbitrarily and capriciously rejected his claim. Although the prayer demanded that plaintiff "be afforded a re-hearing on the claim for disability before the appropriate agency of the defendant," the statutory basis of the claim is not set out in the amended complaint or anywhere else in the record, nor was it cited to us on this appeal. The United States moved to dismiss this pleading on the ground that the court lacked jurisdiction to grant the relief sought. After argument the motion was granted.

Since there is no transcript of the proceedings below and the order dismissing the amended complaint merely repeats the language of the motion, we can only speculate upon what specific grounds the district court determined that it had no power in the premises. Appellee says that it is obvious from the complaint [1] that plaintiff was demanding the disability compensation provided for by 38 U.S.C.A. § 701 [2] and that by the terms of 38 U.S.C.A. §§ 11a–2 and 705, either or both of which are here applicable, the district court is without jurisdiction to order a rehearing. Those sections read as follows:

"§ 11a–2. Finality of Administrator's decisions on questions concerning claims for benefits or payments

"Notwithstanding any other provisions of law, except as provided in section 445 of this title, as amended, and in section 817 of this title, the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under any Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions. Oct. 17, 1940, c. 893, § 11, 54 Stat. 1197.

"§ 705. Conclusiveness of decisions and regulations under this chapter; review prohibited

"All decisions rendered by the Administrator of Veterans' Affairs under the provisions of sections 701–703, 704, 705, 706, 707–715, 716–721 of this title and sections 30a, 485 of Title 5 or the regulations issued pursuant thereto, shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision. Mar. 20, 1933, c. 3, Title I, § 5, 48 Stat. 9."

---

1. I.e., the amended complaint.

2. Section 1 of the Act of March 20, 1933, as amended, 48 Stat. 8.

■ Appellant, apparently conceding that Section 11a–2 applies, argues that it does not preclude all judicial relief. As stated, it is impossible to ascertain from the record whether either or both of the quoted sections have any bearing on appellant's claim. It seems clear, however, that the relief here sought, unlike that prayed for in the original complaint, is in effect mandamus. Under Rule 81(b), Federal Rules of Civil Procedure, 28 U.S.C., the writ of mandamus has been abolished but the relief erstwhile available thereunder may now be obtained by an appropriate action or motion. It seems equally clear that by the terms of 38 U.S.C.A. § 705, supra, mandamus is not available to challenge decisions of the Administrator rendered under the sections of the code there enumerated. The same is not true of other decisions affected by 38 U.S.C. § 11a–2, supra. That Section 11a–2 does not purport to bar mandamus is significant in view of the fact that Section 705, which does, was enacted seven years earlier. We believe, therefore, that in a proper case under Section 11a–2 mandamus will lie even though the district court may not review the Administrator's factual or legal determinations.[3] Cf. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567, where the Supreme Court, recognizing that decisions of local selective service boards under the Selective Training and Service Act of 1940, 54 Stat. 894, 50 U.S.C.A.Appendix, § 311, were final even though erroneous, held that judicial review may nevertheless be had if there is no basis in fact for the classification. The rationale was that classifications made under such circumstances are beyond the jurisdiction of the local boards. See also Dickinson v. United States, 1953, 74 S.Ct. 152.

We are told that appellant expected to prove that the denial of his claim resulted from what is stated to be a mechanical error in an entry of the Veterans' Administration's official records, which entry shows 1924, rather than 1944, to be the date of the alleged injury. It is our view that the grant of a rehearing upon a showing that such error, as opposed to a finding of law or fact (other than one based on the error itself), was the probable cause of appellant's claim being rejected is well within the mandamus powers of the district court and is not interdicted by Section 11a–2.

■■ Although we are of the opinion that, subject to what appellant might have shown below, the district court did not lack power to grant the type of relief prayed for, we perceive compelling grounds for upholding the dismissal. There is in this case no jurisdiction *as to this appellee* to grant the relief demanded. It is axiomatic that jurisdiction may not be conferred or waived by the parties and that courts at every stage of the proceedings may and must examine into its existence. Mansfield, C. & L. M. R. Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462. The United States has not here waived its sovereign immunity from suit. While one might wish that the point had been made below,[4] it is our duty to raise it on our own motion and thus affirm the district court's decision. Forgione v. United States, 3 Cir., 1953, 202 F.2d 249, certiorari denied 345 U.S. 966, 73 S.Ct. 950, 97 L.Ed. 1384.

■ A related point,[5] also concerning jurisdiction, compels the same result. Mandamus is a command requiring the performance of a particular duty. In this case the command, if granted, would necessarily be directed to the Administrator of Veterans' Affairs, not to the United States. The Administrator is therefore an indispensable party without whom the action cannot proceed. United

---

3. We express no opinion on the effect of 38 U.S.C.A. § 705, which appellee contends bars any and all recourse to the federal courts, nor on Congress' power so to do.

4. Appellee concedes that this was not done.

5. It is also admitted that this argument was not made to the court below.

States v. Washington Institute of Technology, 3 Cir., 1943, 138 F.2d 25; New York Technical Institute of Maryland v. Limburg, D.C.Md., 1949, 87 F.Supp. 308.

The order will be affirmed.