**Marie S. KREGER, Administratrix of the Estate of Park Kreger, Deceased, Plaintiff,**

**v.**

**RYAN BROTHERS, INC., Defendant.**

**Civ. A. No. 66–1345.**

United States District Court, W. D. Pennsylvania.

Jan. 19, 1970.

Gatz, Cohen & O'Brien, Pittsburgh, Pa., for plaintiff.

Weis & Weis, Pittsburgh, Pa., for defendant.

### OPINION

GOURLEY, District Judge.

In this negligence action, the immediate matter before the Court is defendant's Motion to Dismiss, which is

grounded upon an alleged absence of diverse citizenship between the parties hereto. At the time of filing suit, the individual plaintiff was domiciled in Pennsylvania and the corporate defendant was a Wisconsin corporation registered as a foreign corporation in Pennsylvania. Defendant asserts that its principal place of business was located in Pennsylvania when suit was filed, thus defeating the requisite diversity. The Court rejects this contention and denies the Motion.

Plaintiff filed her Complaint on November 14, 1966 alleging in paragraph 4. thereof that defendant was incorporated in and a citizen of Wisconsin. Plaintiff did not allege that defendant's principal place of business was located in a state other than Pennsylvania. In its Answer filed on February 16, 1967, defendant admitted paragraph 4. of plaintiff's Complaint and raised no jurisdictional defense in regard thereto.

■ Regardless of the fact that defendant had exclusive possession of the knowledge of the extent of its own business activities in Pennsylvania and elsewhere, it remained silent on this issue until more than two years subsequent to the filing of the Complaint, when, at the Pre-trial Conference conducted before the Honorable Herbert P. Sorg on April 16, 1969, defendant noted that the Complaint failed to allege facts as to defendant's principal place of business. Plaintiff was granted leave to amend, which she so did. Defendant filed this Motion to Dismiss shortly thereafter.

Only subsequent to the filing of the Motion to Dismiss was the deposition taken of William H. Ryan, President of defendant in order to develop the facts relevant to the question of the location of defendant's principal place of business. Based upon the facts elicited at the deposition, counsel for the respective parties entered into written Stipulation and filed the same on August 4, 1969, it being understood and agreed by said counsel that the Court would adjudicate the Motion upon the facts stated therein.

The essential facts are as follows: defendant has at all times been incorporated under the laws of Wisconsin; it actively engaged in highway construction in Wisconsin from 1936 to 1939, entered Pennsylvania as a foreign corporation for the same purpose in 1940 and actively engaged in highway construction in Pennsylvania until 1963; defendant then became inactive, engaging only in the stripping of coal in Pennsylvania for one year at some indefinite time after 1963 and in the rental in Pennsylvania of certain pieces of equipment of which only one was so rented, and then only intermittently, subsequent to the accident upon which this litigation is based.

The circumstances of this case mitigate against granting the relief requested. First, it is inappropriate for a defendant to admit to the jurisdictional allegations of a Complaint, to remain silent upon the defects in those allegations for more than two years, and then to raise a jurisdictional defense upon the eve of trial. See DiFrischia v. New York Central Railroad Company, 279 F. 2d 141 (3d Cir. 1960), and Klee v. Pittsburgh & West Virginia Railway Company, 22 F.R.D. 252 (W.D.Pa.1958). This is particularly so in the circumstance where defendant itself remains in exclusive possession of the facts relevant to the establishment of its own principal place of business.

No reason for the delay has been proffered and unquestionably defendant's conduct has lulled plaintiff into the security of proceeding with the final stages of pre-trial procedure in this Court and to the eve of trial without challenge.

■ However, I also conclude that the facts elicited upon the deposition of Mr. Ryan support the finding that defendant's principal place of business was Wisconsin at the time suit was filed. While defendant was actively engaged in the sole but substantial enterprise of highway construction in Pennsylvania, defendant arguably had its principal place of business in Pennsylvania. However,

it ceased to engage in that enterprise in or about 1963. Defendant became progressively inactive thereafter until the time of the filing of this suit and, indeed, only a flicker of corporate activity remains at present. Following the general inactivity of defendant in 1963, defendant's incorporation in Wisconsin and other indicia of its life there acquired new prominence as factors determining its principal place of business. See Terre Grande, Inc. v. Four Corners Oil & Minerals Co., 262 F.Supp. 964 (D. Colo.1967). The insubstantial activities of defendant in Pennsylvania following inactivity do not detract from this prominence, and I conclude that defendant's principal place of business was Wisconsin in and about the time when suit was filed.

An appropriate order is entered.

### ORDER

Now, this 19 day of January, 1970, defendant's Motion to Dismiss, grounded upon the alleged lack of diverse citizenship between the parties, is hereby denied.