**TRAVIS MILLS CORPORATION**

v.

**SQUARE D. COMPANY.**

**CONSTRUCTION ELECTRIC COMPANY**

v.

**DAVID D. BEITMEN & ASSOCIATES.**

Civ. A. No. 71–717.

United States District Court,
E. D. Pennsylvania.
May 28, 1975.

Joseph A. Gerber, Philadelphia, Pa., for plaintiff.

John Patrick Kelley, Philadelphia, Pa., for Square D. Co.

John P. Penders, Philadelphia, Pa., for Construction Electric Co.

Balmer, Mogel, Speidel & Roland, Reading, Pa., for D. Beitmen & Associates.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

In this diversity case, the jury, in answer to interrogatories, found the de-fendant Construction Electric Company (Construction Electric) negligent and found that its negligence was a proximate cause of a fire which damaged the plaintiff's factory.[1] The jury also found no liability as to the defendant Square D. Company. Presently before the Court is the suggestion of the defendant Construction Electric, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, that the Court lacks subject matter jurisdiction, and the Motions of the defendant Construction Electric for Judgment Notwithstanding the Verdict, for a New Trial, and/or to Vacate Judgment. After carefully considering the arguments urged by both sides, the Court has determined that it must dismiss the action.

A brief procedural history is required to understand the defendant's suggestion and motions. On March 25, 1971, the plaintiff filed its complaint with the Court alleging that the negligence of the defendant, Construction Electric, resulted in a fire which damaged the plaintiff's plant located in Lititz, Pennsylvania.[2] Plaintiff alleged in its complaint that it was "a corporation duly organized and existing under the laws of the state of New York, with its principal place of business located on 1071 Sixth Avenue, New York City, New York . . . ."[3] It was alleged that the defendant Construction Electric was a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 308 Wood Drive, Lititz, Pennsylvania.[4] Diversity jurisdiction of the U. S. District Court was alleged un-

---

1. The interrogatory read as follows:
   Do you find that Defendant, Construction Electric Company, was negligent pursuant to the Court's charge on negligence, and that said negligence, if any, was a proximate cause of the fire in plaintiff's plant?
   *Yes*

2. The plaintiff also brought suit against defendant Square D. Co., alleging a cause of action under 402A of the Restatement Second of Torts. The jury, in answer to interrogatories, found no liability on the part of Square D. Co.

3. Amended Complaint, ¶ 1.

4. Amended Complaint, ¶ 3; admitted in answer of Defendant Construction Electric, *First Defense.*

der 28 U.S.C.A. § 1332.[5] The complaint alleged that a fire occurred in the plaintiff's plant, which fire was caused by the defendant's defective installation of various sections of buss duct in the plaintiff's plant. Trial of the liability portion of the action commenced July 11, 1973, resulting in a verdict for the plaintiff on July 23, 1973. The parties then agreed that in lieu of trying the damage portion of the case that a judgment should be entered for the plaintiff in the amount of $69,000.00. (N.T. 10-2, 10-3).

In its answer to the plaintiff's complaint, the defendant Construction Electric stated that "after a reasonable investigation [Construction Electric] is without knowledge or information sufficient to form a belief as to the truth of the averments . . ." concerning the citizenship of the plaintiff and the diversity jurisdiction of the Court.[6] During the course of discovery, defendant Construction Electric propounded an interrogatory to the plaintiff which requested the state in which the plaintiff was incorporated and the address of its principal place of business.[7] Plaintiff answered that interrogatory as follows:

> Plaintiff is a corporation duly organized and existing under the Laws of the State of New York. Plaintiff's principal place of business is located (sic) 1071 Sixth Avenue, New York City, New York.[8]

Plaintiff has never amended this response to the defendant's interrogatory.[9] A Final Pre-Trial Order was then prepared with the participation of all parties in which all contested issues, both as to fact and law, were required to be set forth. No issue as to lack of diversity jurisdiction was advanced in the Pre-Trial Order by the defendant, Construction Electric. The Pre-Trial Order did not contain a stipulation as to the citizenship of the parties or as to the existence of diversity jurisdiction. At trial, when the plaintiff rested, the defendant filed a written motion for a directed verdict under Rule 50 of the Federal Rules of Civil Procedure. The motion asserted eight grounds on which the defendant should be granted a directed verdict, one of which was that the Court "lacks jurisdiction over the subject matter of this controversy." [10] The Court immediately heard argument on the defendant's motion for a directed verdict, but no argument was made by either party as to the lack of subject matter jurisdiction of the Court. The Court denied the defendant's motion for a directed verdict.[11] The defendant orally renewed its motion for a directed verdict at the close of all the evidence and the Court again denied the motion.[12] During the course of the trial, no evidence was presented by the plaintiff as to the place of its incorporation.

■ Following the entry of judgment in favor of the plaintiff and against the defendant, the defendant Construction Electric filed the suggestion and motions which are currently before the Court. In support of the suggestion and motions, defendant Construction Electric

---

5. Amended Complaint, ¶ 4.

6. Answer of Defendant Construction Electric, *First Defense.*

7. The interrogatory reads as follows:
1. If the plaintiff, Travis Mills Corporation is incorporated, identify the State of incorporation and the address of its principal place of business.
Supplemental Interrogatories to Plaintiff

8. Plaintiff's Answers to Supplemental Interrogatories Propounded by Defendant, Construction Electric Co., ¶ 1.

9. Rule 26(e)(2)(A) of the Federal Rules of Civil Procedure requires a party to amend prior responses if he learns that the original response was incorrect.

10. Motion of Defendant Construction Electric Company under F.R.C.P. 50, ¶ 8.

11. N.T. 5-43.

12. N.T. 8-185.

has filed with the Court an affidavit and a true and correct copy of the records of the Department of State of the Commonwealth of Pennsylvania which reveal that at the time this litigation was commenced, the plaintiff's State of incorporation was Pennsylvania. The Court then held several conferences in chambers in connection with the defendant's suggestion that this Court lacked subject matter jurisdiction. During these conferences, settlement was discussed and the Court was left with the impression that a settlement would be forthcoming. However, settlement was not reached and on April 17, 1975, a hearing was held to determine the place of incorporation of Travis Mills Corporation. At that hearing, plaintiff's counsel stated that "it has been learned that Travis Mills Corporation is a Pennsylvania corporation." (N.T. Hearing, 5). On the basis of the statement made by plaintiff's counsel and the affidavit submitted by the defendant Construction Electric, the Court finds that the plaintiff is a Pennsylvania corporation and complete diversity is lacking and this Court was without subject matter jurisdiction at the commencement of this lawsuit. Strawbridge v. Curtiss, 7 U.S. 267, 2 L.Ed. 435 (1806).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides:

> Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

The Supreme Court has firmly established the principal that "the jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties." American Fire and Casualty Company v. Finn, 341 U.S. 6, 17–18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951); Peoples Bank v. Calhoun, 102 U.S. 256, 260–261, 26 L.Ed. 101 (1880). Our Third Circuit has stated:

It is axiomatic that jurisdiction may not be conferred or waived by the parties and that courts at every stage of the proceedings may and must examine into its existence.

Hospoder v. United States, 209 F.2d 427, 429 (3d Cir. 1953); see also Gavin v. Hudson & Manhattan R. Co., 185 F.2d 104 (3d Cir. 1950); Zelson v. Thomforde, 412 F.2d 56 (3d Cir. 1969); McGonigle v. Baxter, 27 F.R.D. 504 (E.D. Pa.1961). In Page v. Wright, 116 F.2d 449 (7th Cir. 1940), the Seventh Circuit stated the rule at 453:

> [T]he conclusion seems inescapable that the duty devolves upon the court "at any time" the jurisdictional question is presented to proceed no further until that question is determined. It can not be conferred by agreement, consent or collusion of the parties, whether contained in their pleadings or otherwise, and a party can not be precluded from raising the question by any form of laches, waiver or estoppel.

The burden of establishing subject matter jurisdiction rests upon the party who invokes the jurisdiction of a district court. The plaintiff must clearly show that his action is within the court's jurisdiction and he must carry this burden throughout the litigation. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Ramsey v. Mellon National Bank and Trust Co., 350 F.2d 874 (3d Cir. 1965). If the plaintiff's allegation of jurisdictional facts is challenged by his adversary in an appropriate manner, the plaintiff must support them by competent proof and must prove the jurisdictional allegation by a preponderance of the evidence. McNutt, supra, 298 U.S. at 189, 56 S.Ct. 780; see also 1 Moore's Federal Practice, § 0.60[3] and § 0.60[4] at 608.

Plaintiff contends that these general principles as to Federal District Court jurisdiction should not be applied

in this case. Its principal argument is that the defendant is now precluded from raising the issue of this Court's lack of subject matter jurisdiction because the issue was not raised by the defendant in the Pre-Trial Order or at any time prior to trial. The Court agrees that the issue of jurisdiction was not raised in the Pre-Trial Order. However, the defendant did deny in its answer that the plaintiff was a New York corporation and did deny that diversity jurisdiction existed.[13] Therefore, the issue is whether the defendant waived or is estopped from asserting the lack of subject matter jurisdiction at this time. The plaintiff contends that since the issue as to jurisdiction was not set forth by the defendant in the Pre-Trial Order, the defendant waived or is estopped from raising the question after the trial. This Court recognizes the importance which our Circuit has placed on the Pre-Trial Order. In Ely v. Reading Company, 424 F.2d 758 (3d Cir. 1970), the Court stated:

> One of the main purposes of the pretrial conference is to formulate the issues to be litigated to aid the parties in preparation for trial. If counsel are permitted to change the positions taken at pretrial obviously the effectiveness of this procedure is destroyed. For this reason the pretrial order is generally binding on the parties. It cannot be modified without the permission of the court and a showing of manifest injustice. The decision of whether or not to permit a change is within the discretion of the trial judge. (footnotes omitted).

Ely, supra, at 763. In this case, the Pre-Trial Order contained no statements whatsoever concerning the jurisdiction of this Court. However, in our opinion, the Order does not now and never did preclude the defendant from raising the issue of subject matter jurisdiction at trial or after trial.

■ Rule 12(h)(3) of the Federal Rules of Civil Procedure and the cases decided prior to and subsequent to the adoption of the Rule make it clear that a District Court is without discretion to ignore the lack of subject matter jurisdiction and the mere delay in raising the issue does not act as a waiver. Joyce v. United States, 474 F.2d 215 (3d Cir. 1973); Greenbaum v. United States, 360 F.Supp. 784 (E.D.Pa.1973). The Supreme Court has held that the lack of subject matter jurisdiction can be raised for the first time on appeal on the Court's own motion, even though neither party ever raised the issue at trial or in its argument before the Court. Mansfield, C. & L. M. Railway Co. v. Swann, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884). Therefore, the mere failure to raise the issue of subject matter jurisdiction in the Pre-Trial Order should not preclude the defendant from raising the issue during or after trial.

In Di Frischia v. New York Central Railroad Company, 279 F.2d 141 (3d Cir. 1960), the defendant first filed an answer challenging the averment of diversity jurisdiction but later entered into a stipulation with the plaintiff that the district court did have subject matter jurisdiction. Nearly two years later, after extensive trial preparation and after the statute of limitations had run on the plaintiff's claim, the defendant filed a motion to dismiss for lack of diversity jurisdiction. The Court held that under those unusual circumstances, dismissal of the complaint was improper. The court held that "a defendant may not play fast and loose with the judicial machinery and deceive the courts." Di Frischia, supra, at 144. That holding has been subsequently limited to its "unusual circumstances", Joyce v. United

---

13. An answer stating that a party is without knowledge or information sufficient to form a belief as to the truth of an averment has the effect of a denial. Rule 8(b) of the Fed.R.Civ.Proc.; see p. 3, supra.

States, 474 F.2d 215 (3d Cir. 1973); Stapleton v. $2,438,110, 454 F.2d 1210 (3d Cir. 1972). The facts in this case are clearly distinguishable from *Di Frischia*. In this case, there was never a stipulation entered into between the parties as to subject matter jurisdiction or as to facts which would serve as a basis for subject matter jurisdiction. Furthermore, there is no evidence in this case of deception by either party. In addition, it has been stated by the parties that the statute of limitations has not run on the plaintiff's claim. (N.T. Hearing, 12). In this case, the defendant was misinformed by the plaintiff as to the plaintiff's state of incorporation. As heretofore pointed out, the plaintiff in answering the defendant's interrogatories stated that the plaintiff was incorporated in the State of New York and had its principal place of business in New York. Thus the plaintiff's contention that fairness and equity should preclude a defendant from raising the question of the Court's jurisdiction at this late date after a lengthy trial is answered by pointing out that the situation has been brought about by the plaintiff's incorrect answer to the interrogatory. The plaintiff chose the forum and had the burden of establishing federal jurisdiction, and thus bears the risk of failing to establish a basis for the Court's jurisdiction.

■ Plaintiff argues further that even though there is no diversity between the plaintiff and the defendant, Construction Electric, there was, nevertheless, diversity between the plaintiff and the other defendant, Square D. Company. Plaintiff contends that since defendant Square D. Company filed a crossclaim against defendant Construction Electric, said crossclaim should be treated the same as a third-party claim by Square D. Company. Plaintiff reasons that in accordance with Rule 14(a) of the Federal Rules of Civil Procedure, plaintiff could have filed a claim directly against Construction Electric although there was no diversity between them.[14] Plaintiff places reliance for this novel theory on the case of CCF Industrial Park, Inc. v. Hastings Industries, Inc., et al., 392 F.Supp. 1259 (E.D. Pa.1975). In that case, my learned colleague, Judge Huyett, permitted the plaintiff who had brought suit against a diverse defendant to file a claim against a non-diverse third party defendant who had been brought into the action by the defendant. Adopting the "minority position", Judge Huyett found that the facts in his case were particularly appropriate for the exercise of discretionary ancillary jurisdiction. Such a result in this case would be an unwarranted expansion of diversity jurisdiction not contemplated by Congress and would permit a plaintiff to do indirectly what he cannot do directly.

■ Finally, the plaintiff contends that because the Court during the course of the trial ruled on the issue of lack of subject matter jurisdiction when it denied the defendant Construction Electric's motion for a directed verdict at the close of the plaintiff's case, the Court should not again consider the allegation of lack of diversity jurisdiction. We find no merit to this contention. As we pointed out earlier in this opinion, no reasons or facts concerning subject matter jurisdiction were presented to the Court at the time it ruled on the Rule 50 motions. The defendant filed its affidavit stating that the plaintiff is a Pennsylvania corporation subsequent to the entry of the judgment and there is no evidence that the defendant had any prior knowledge that the plaintiff was a Pennsylvania Corporation. As a result of the hearing held thereon, this Court finds that the plaintiff was incorporated in Pennsylvania at the commencement of this action and therefore this Court is without subject matter jurisdiction.

14. Plaintiff's Memorandum Re: Hearing Scheduled for April 17, 1975, 4, 5.

Accordingly, the following Order is entered:

## ORDER

And now, this 28th day of May, 1975, it is hereby ordered that the action of Travis Mills Corporation against Construction Electric Company is dismissed.