**Patricia DEKRELL and Gus Dekrell**

v.

**Gerald P. JOHNSON and Morrisville Rental Company.**

**Civ. A. No. 74–261.**

United States District Court,
E. D. Pennsylvania.

Nov. 28, 1975.

John M. McAllister, Philadelphia, Pa., for plaintiffs.

Christopher C. Fallon, Jr., Philadelphia, Pa., for defendants.

## OPINION AND ORDER

FOGEL, District Judge.

This suit for personal injuries from an automobile-truck accident was filed on February 1, 1974. At that time, plaintiffs believed, and alleged in their complaint, that complete diversity existed among the plaintiffs and the defendants. Jurisdiction was founded on diversity of citizenship, 28 U.S.C. § 1332. It has now been developed through discovery that one of the defendants, Morrisville Rental Company (Morrisville), is a corporation which was incorporated in, and has its principal place of business in Pennsylvania, and not in New Jersey as alleged in the Complaint. Because there is no diversity between plaintiffs, all of whom are individual residents and citizens of Pennsylvania, and defendant Morrisville, this Court will dismiss the action as to that defendant. The other defendant, Gerald R. Johnson (Johnson), is a New Jersey citizen, however. As to him, diversity of citizenship exists, and, accordingly, the action will continue in this court against defendant Johnson.

Section 1332 of Title 28, United States Code, provides as follows (in pertinent part):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different states . . . .
>
> . . . . . . .
>
> (c) For the purposes of this section . . . a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . .

In order to maintain an action in the federal district courts, a plaintiff must be able to point to a grant of jurisdiction which supports the case. *Ex Parte McCardle*, 74 U.S. (7 Wall.) 506 (1869).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides:

> Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action. [Emphasis added].

The Supreme Court has repeatedly stated the principle that

> [t]he jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties.

*American Fire & Casualty Company v. Finn*, 341 U.S. 6, 17–18, 71 S.Ct. 534,

542, 95 L.Ed. 702 (1951). *See also People's Bank v. Calhoun,* 102 U.S. 256, 260–61, 26 L.Ed. 101 (1880):

> It needs no citation of authorities to show that the mere consent of parties cannot confer upon a court of the United States the jurisdiction to hear and decide a case. If this were once conceded, the Federal courts would become the common resort of persons who have no right, either under the Constitution or the laws of the United States, to litigate in those courts.

A judge of the district court is under a duty to examine the basis for jurisdiction at any and all times during the pendency of the litigation. *Hospoder v. United States,* 209 F.2d 427 (3d Cir. 1953); *Page v. Wright,* 116 F.2d 449 (7th Cir. 1940). "[A] party can not be precluded from raising the question by any form of laches, waiver or estoppel." *Page v. Wright, supra,* at 453. Even if the parties do not raise the issue, the court can and must raise the issue *sua sponte* and determine it forthwith. Rule 12(h)(3); *John Birch Society v. National Broadcasting Company,* 377 F.2d 194, 199 (2d Cir. 1967).

It has been established in uncontradicted affidavits, and plaintiffs now concede, that defendant Morrisville is, and was at all times a Pennsylvania corporation. It is likewise conceded that its principal place of business is and always was in Pennsylvania. Under any ordinary standard, diversity of citizenship is lacking as to this defendant, and, accordingly, the action would have to be dismissed as to it.

Several cases have been cited, however, for the proposition that it is appropriate in certain circumstances for a district court to accept subject matter jurisdiction, despite clear and uncontroverted evidence that such jurisdiction is lacking. *See DiFrischia v. New York Cent. R.R.,* 279 F.2d 141 (3d Cir. 1960); *Greenbaum v. United States,* 360 F. Supp. 784 (E.D.Pa.1973); *Klee v. Pittsburgh & W. Va. Ry.,* 22 F.R.D. 252 (W.D.Pa.1958). *See also Kreger v. Ryan Bros.,* 308 F.Supp. 727 (W.D.Pa.1970). The gist of that argument is that the long delay between the initial filing of the complaint and the filing of an answer unambiguously raising the defense of lack of subject matter jurisdiction estops Morrisville from raising this objection.

For the reasons which we have set forth, we will not waive a fundamental jurisdictional requirement. The parties are also precluded from waiving it. *See* cases cited *supra. See also* 2A J. Moore, Federal Practice ¶ 12.23, at 2460–61 (2d ed. rev. 1975). We do not believe that the cases cited to us correctly state the law under the circumstances of the matter before us. While it is true that the filing of the answer was delayed, that delay was caused by the procedural difficulties which developed in this action: a default judgment had been entered against defendants for lack of an answer or entry of appearance; that default was set aside by this Court after proof that notice of the suit was never received by the defendants. The applicable statute of limitations for an action against Morrisville in the state court has run, but plaintiffs will not be deprived of all causes of action, because defendant Johnson remains a defendant in this Court.[1] Finally, we do not accept the thesis that defendants have proceeded in bad faith; indeed, plaintiffs were put on notice of a lack of diversity well before the Commonwealth statute had run, through Mr. Johnson's testimony at his deposition that his employer, Morrisville, was a corporation located in and with a principal place of business in Pennsylvania. Deposition of Gerald Johnson, at 4–5.

---

1. Morrisville was sued on the theory of *respondeat superior.* It is not an indispensable party, and so the action against defendant Johnson can exist independent of Morrisville's presence in the suit. Accordingly, we may dismiss the action as to Morrisville only, instead of having to dismiss as to both defendants. *See* 3A J. Moore, Federal Practice ¶ 21.03[2], at 21–12 (2d ed. rev. 1975).

We fully concur with the decision of the court in *Travis Mills Corp. v. Square D. Co.*, 67 F.R.D. 22 (E.D.Pa.1975), when faced with the same contention, raised in response to the post-jury-verdict suggestion of one of the defendants in that case that diversity was lacking. The court ruled that, in the absence of the unusual circumstances cited in *DiFrischia,* no expansion of diversity jurisdiction was warranted. *Travis Mills, supra,* at 27. Plaintiffs in this suit chose this forum and, in doing so, accepted the risks that jurisdiction may be lacking.

Hence, we will dismiss the action as to defendant Morrisville.