**UNITED STATES of America ex rel. William Ernest ROSS, Petitioner,**

v.

**WARDEN, MARION PENITENTIARY, Respondent.**

**Civil No. 73–156–E.**

United States District Court, E. D. Illinois.

Oct. 19, 1973.

---

John L. Altieri, Jr., New York City, for petitioner.

Henry A. Schwarz, U. S. Atty., William C. Evers, Asst. U. S. Atty., for respondent.

## ORDER

FOREMAN, Judge:

Before the Court is the habeas corpus petition of William Ernest Ross, presently confined in the United States Penitentiary at Marion, Illinois.

The Court has considered the pleadings and memoranda of the parties and concludes that there is no material issue of disputed fact, and that the writ should be granted as prayed for.

Petitioner was indicted in 1968 in the Southern District of New York for narcotics violations, specifically 21 U.S.C. §§ 173 and 174. He was convicted in late 1971 and was sentenced to ten years imprisonment. He was sentenced pursuant to the terms of 26 U.S.C. § 7237(d) —which proscribed parole eligibility under 18 U.S.C. § 4202, that is, upon completion of one-third of his federal sentence. Effective May 1, 1971, § 7237(d) was repealed.

■ It is the law in this Circuit that the repeal of § 7237(d) makes parole available under 18 U.S.C. § 4202 to persons sentenced under the old law. United States v. McGarr, 461 F.2d 1 (7th Cir., 1972); United States v. Robinson, 466 F.2d 780 (7th Cir., 1972); Arias v. United States, 484 F.2d 577 (7th Cir., 1973). See also Bradley v. United States, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973). Other Circuits concur, United States v. Stephens, 449 F.2d 103 (9th Cir., 1971); United States ex rel. Marrero v. Warden, 483 F.2d 656 (3d Cir., 1973); United States v. Marshall, 485 F.2d 1062 (D.C. Cir., 1973).

The critical issues, as the Court views them are whether habeas corpus is a proper remedy, and whether there exists an actual ripe controversy for judicial determination.

■ It seems clear that the provisions of 28 U.S.C. § 2255 are not available to petitioner. He does not seek to have an illegal sentence vacated, nor does he raise a constitutional issue regarding his original conviction, *Marrero*, supra; Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). The thrust of recent Supreme

Court opinions strongly suggests that unlawful parole ineligibility should be deemed such a "restraint" upon liberty that habeas corpus relief is appropriate. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Respondent has offered nothing to dispute this contention. Therefore, the Court holds that habeas corpus relief is available to one in petitioner's position.

Petitioner admits in his pleading that he will not be eligible for parole under § 4202 until about June of 1974. The Court holds that this fact is not a bar to the granting of relief at this time. Beyond a doubt, petitioner has a profound present interest in knowing whether he will be eligible for parole in June, 1974. Respondent apparently would have petitioner wait until June of 1974, seek and be denied parole consideration, and then file a writ of mandamus or habeas corpus with this Court. This Court is intimately aware of the delays that would ensue. In view of petitioner's clear entitlement to parole consideration under *McGarr* and its progeny, and his present interest in such a determination, such a course is not required.

Thus, petitioner is entitled to the relief he seeks.

Wherefore, judgment in this cause is hereby entered for petitioner.

Respondent and his successors and agents are hereby ordered:

1) to state in petitioner's prison records that he is eligible for parole consideration upon completion of one-third of his present federal sentence, and

2) to consider petitioner for parole in accordance with law, upon completion of one-third of his present federal sentence.

It is so ordered.