**UNITED STATES of America ex rel. William Ernest ROSS, No. 72102, Petitioner,**

v.

**WARDEN, Marion Penitentiary, et al., Respondents.**

Civ. No. 753262.

United States District Court,
E. D. Illinois.

Feb. 17, 1977.

John L. Altieri, Jr., New York City, Thomas E. Kennedy, III, and Harvey M. Grossman, Land of Lincoln Legal Aid, Carbondale, Ill., for petitioner.

Henry A. Schwarz, U. S. Atty., East St. Louis, Ill., for respondents.

## ORDER

FOREMAN, District Judge:

Petitioner, William Ernest Ross, presently incarcerated at the United States Penitentiary at Marion, Illinois filed the above captioned Petition for Writ of Habeas Corpus and Writ of Mandamus claiming that he was found guilty of a prison disciplinary violation and based on that finding of guilt was denied parole in violation of the Due Process Clause of the Fifth Amendment. The critical issue is whether on the facts of this case petitioner was denied due process at his institutional disciplinary hearing. Based on the pleadings and the hearing held in Benton, Illinois, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

Petitioner was convicted of violations of 21 U.S.C. § 173 and 174, importation or exportation of narcotic drugs, and sentenced on January 11, 1972, to a term of ten years by Judge David N. Edelstein, United States District Court for the Southern District of New York. The correctness of that sentence is not challenged. Petitioner was originally incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania where he maintained a good conduct record. He was later transferred to the United States Penitentiary at Marion, Illinois, where he is presently confined.

Petitioner was first considered for parole in June 1974 as a result of this Court's order in *United States ex rel. Ross v. Warden,* 368 F.Supp. 766 (E.D.Ill.1973). Parole was denied at that time and petitioner received a one year "set off" until April 1975.

In anticipation of the April 1975 parole hearing, a Special Progress Report was prepared in which petitioner's case manager recommended that he be paroled with the condition that he participate in a drug after care program. An organization known as Reality House Program located in New York City, agreed to accept him on an outpatient basis.

On March 25, 1975, less than a week prior to his scheduled parole hearing, petitioner was charged with the use of narcotics not prescribed for him and the possession of a knife. Pending disposition of these charges, petitioner was placed in segregation. The knife possession charge was reduced to possession of anything not authorized for retention by the Unit Disciplinary Committee and it was recommended that petitioner be returned to general population. The narcotic charge, however, was referred to the Interdisciplinary Committee for a hearing.

Petitioner's parole hearing was held as scheduled on April 1, 1975. His retained counsel appeared with him. The board examiners expressed concern about the pending drug charge and deferred their parole decision until after the Disciplinary Committee hearing. The knife charge incident apparently had no impact on their decision.

Prior to the disciplinary hearing, retained counsel, John L. Altieri, informed Warden Aaron, the Warden at Marion at the time of this incident, that he would be available to represent his client at the disciplinary hearing when it was held. He stated that Ross would be unable to represent himself because of his previous psychiatric history. Mr. Altieri was not allowed to attend the disciplinary hearing.

The hearing was held on April 2, 1975. No arguments or appeals were made on behalf of petitioner. Petitioner declined staff representation.[1] The committee found him guilty of the possession of drugs as charged and ordered that he continue in segregation and forfeit 100 days of statutory good time. A written statement as to the evidence relied upon and the reasons for the finding was provided.

On June 2, 1975 the parole board conducted a second hearing regarding petitioner's parole application. It was decided that parole would be denied because of "serious disciplinary infractions". At trial, respondents admitted that the drug charge had been the principal factor in their decision to deny parole.

At the time of his disciplinary hearing in April 1975 and continuing up until the time of this Court's hearing in Benton, Illinois, petitioner was suffering from schizophrenia, specifically paranoid schizophrenia. Because of this condition, petitioner has been and is now unable to meet the normal demands of life. His behavior is affected by a distorted view of his environment. The degree of his behavioral impairment varies at any given time depending on such factors as stress and anxiety. In very stressful situations it is difficult for him to abstract or to contemplate the future consequences of his actions. He is not being treated for this condition at Marion.

The Court finds that as a result of this psychological condition, petitioner was unable to defend himself in April 1975 against a disciplinary charge. He was incapable of either managing a defense or initiating any actions concerning a defense. Nor would he have been capable of presenting a defense, even if provided with the limited assistance of a staff representative.

Petitioner is presently represented by two attorneys, who have represented him throughout this action. One of these, Mr. Altieri, has represented him for the last several years. Because of this representation, petitioner was not responsible for asking questions of witnesses or directing the prosecution of his claim. He apparently could communicate with his attorneys although he did not appear to be alert during the course of the hearing.[2]

## CONCLUSIONS OF LAW

The only legal issue presented by the facts in this case is whether petitioner's due process rights were violated by the April 2, 1975 disciplinary hearing. More specifically, the question is whether petitioner's psychological condition made the procedures followed at that hearing so fundamentally unfair as to violate the Due Process Clause.

The United States Supreme Court in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), has held that certain due process rights are mandated for prison disciplinary proceedings which could result in loss of good time credits and thereby affect either the term or conditions of confinement. Employing a balancing test, the Court found that due process requires that the inmate be given advance notice of the claimed violation no less than twenty-four hours prior to the disciplinary hearing, that the inmate be given a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action, and that the inmate be allowed to call witnesses and present documentary evidence in his defense where institutional safety and correctional goals are not jeopardized. Id. at 563–567, 94 S.Ct. 2963. The Court in *Wolff,* however, did not provide for a right to counsel.

1. A staff representative would not have acted as an attorney. He would not have developed or devised a defense. He merely acts on behalf of the inmate because the inmate has limited mobility. He may interview witnesses chosen by the inmate. He has access to all investigative reports and may review them. He will present the inmate's case if the inmate is not capable of communicating. A staff representative will not act without some direction from the inmate.

2. The question of plaintiff's capacity to sue was not raised by respondents. See Fed.R.Civ.P. 9(a), Wright & Miller, Federal Practice and Procedure: Civil § 1559.

". . . At this stage of the development of these procedures we are not prepared to hold that inmates have a right to either retained or appointed counsel in disciplinary proceedings.

Where an illiterate inmate is involved, however, or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff." *Wolff v. McDonnell, supra,* at 570, 94 S.Ct. at 2981–2982.

See also *Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).

The Court agrees with respondents that based on the decisions in *Wolff v. McDonnell, supra,* and *Baxter v. Palmigiano, supra,* an inmate does not have the right to representation at the disciplinary hearing other than in the form of a staff representative. In the instant case, however, the form of staff assistance which was available to petitioner, as noted in footnote 1 of the Findings of Fact, would not have been "adequate substitute aid" as enunciated in *Wolff, supra,* 418 U.S. at 570, 94 S.Ct. 2963. At the time of his disciplinary hearing, petitioner was not competent to represent himself; nor was he competent to direct another to represent him. A staff representative would not have acted without some direction or guidance from him and Ross himself, because of his psychological condition, was not able to provide that direction. Moreover, the facts show that a defense was not presented at the hearing. It is this Court's opinion that the instant case is distinguishable from the cases contemplated by *Wolff* and *Baxter.* This is not the case where an illiterate inmate will have difficulty communicating; it is a case where the inmate very likely will be completely unable to communicate.

■ The whole purpose of providing hearings is to avoid arbitrary decisionmaking, to afford the inmate an opportunity to present a defense, and to promote fair procedures. See *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). There is no protection against arbitrary action where the inmate is unable to speak for himself and is denied "adequate substitute aid".[3] There is no point in holding these hearings if none of the purposes will be served. Therefore, based on the facts of this case, the Court finds that the procedures of the disciplinary hearing in question violated due process.[4]

## CONCLUSION

■ The final question is the relief to be accorded to petitioner. It is the Court's opinion that the finding of the disciplinary committee can not stand. Therefore, the record and judgment of the disciplinary hearing is ordered to be expunged. Any new disciplinary hearing which may be held must comply with due process. If a new hearing is held, respondents are ordered to provide petitioner with an effective spokesman, specifically someone who will take the initiative in representing petitioner. Respondents may wish to allow Mr. Altieri to provide representation, but they are not required to do so. Petitioner does not have

---

**3.** As a result of the decision of *Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976), holding that an inmate's silence at the disciplinary hearing may be used against him, it is now even more critical that an inmate who is unable to communicate be provided with an adequate spokesman.

**4.** Counsel for petitioner also argues that since petitioner's parole depended on the outcome of the disciplinary hearing, the case was more comparable to the interests of plaintiffs in *Gag-*

*non v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) where probationers threatened with incarceration were permitted counsel by the Court. But as the Court noted in *Meachum v. Fano,* 427 U.S. 215, fn. 8, 96 S.Ct. 2532, 2540, 49 L.Ed.2d 451 (1976), "[T]he granting of parole has itself not yet been deemed a function to which due process requirements are applicable." But see *United States ex rel. Richerson v. Wolff,* 525 F.2d 797 (7th Cir. 1975).

the right to counsel[5] but only the right to be heard. If the charge is dropped either before or after a disciplinary hearing, or if petitioner is found not guilty, a new parole hearing is ordered, whereby the parole board is precluded from considering or relying on the disposition of the April 2, 1975 disciplinary hearing. See *Persico v. United States Department of Parole*, 426 F.Supp. 1013 (E.D.Ill. Filed Feb. 1, 1977). A new parole hearing is not required if after a fair hearing, the finding of the disciplinary committee is reinstated.

IT IS SO ORDERED.

---

5. "The insertion of counsel into the disciplinary process would inevitably give the proceedings a more adversary cast and tend to reduce their utility as a means to further correctional goals. There would also be delay and very practical problems in providing counsel in sufficient numbers at the time and place where hearings are to be held." *Wolff, supra*, 418 U.S. at 570, 94 S.Ct. at 2981.