William ROSS, Plaintiff,

v.

UNITED STATES of America, United States Parole Commission, Warden, Marion Penitentiary, Lawrence A. Carpenter, former Regional Director USPC, Maurice H. Sigler, former Chairman USPC, Curtis C. Crawford, former Vice-Chairman USPC, George J. Reed, former member USPC, Thomas R. Holscaw, former member USPC, Defendants.

No. 81 Civ. 3078 (KTD).

United States District Court,
S.D. New York.

Nov. 2, 1983.

Richard W. Foard, III, New York City, for plaintiff.

Rudolph W. Giuliani, U.S. Atty. for the Southern Dist. of N.Y., New York City, for defendants; Michael D. Patrick, Sp. Asst. U.S. Atty., New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff, William Ross, moves for a default judgment against the defendants United States of America, United States Parole Commission ("USPC"), Warden of the Marion Penitentiary, Lawrence A. Carpenter, Maurice H. Sigler, Curtis C. Crawford, George J. Reed, and Thomas R. Holscaw for their delay in answering plaintiff's complaint. Defendants oppose this motion and cross-move for dismissal, asserting lack of personal and subject matter jurisdiction, insufficiency of process, and improper venue. For the reasons that follow, plaintiff's motion is denied and defendants' motion is granted in part and denied in part.

### I.

### BACKGROUND

Plaintiff brings this *Bivens* action for violation of his Fifth and Eighth Amendment rights while he was in a federal prison. His Fifth Amendment claim arises out of the allegedly intentional and improper delay in granting him parole; the Eighth Amendment claim is based on the defendants' alleged indifference to the plaintiff's medical needs.

In 1972, plaintiff began serving a ten-year sentence for selling narcotics. He eventually was transferred to the Marion Penitentiary in Illinois. On three occasions while he was at Marion, Ross successfully brought habeas corpus petitions for the institution's wrongful denial of parole consideration. Ross originally was denied parole consideration because he had been determined guilty of possession of narcotics

in a disciplinary hearing by the prison. The latter determination, however, was found by an Illinois district court to have been reached without due process of law. *United States ex rel. Ross v. Warden*, 428 F.Supp. 443 (E.D.Ill.1977). On Ross' third successful petition, the district court ordered that Ross be granted parole within five days. *United States ex rel. Ross v. Warden*, No. 75–3262 (E.D.Ill. June 7, 1977). *See also United States ex rel. Ross v. Warden*, 368 F.Supp. 766 (E.D.Ill.1973) (plaintiff's first successful habeas corpus petition).

Plaintiff also claims that during the period of incarceration at Marion Penitentiary he was consistently refused treatment for severe medical problems, including, but not limited to, gastritis, ulcer, muscle pain in his back, and various psychological conditions.

On June 19, 1981, approximately four years after his release from prison, Ross filed a *pro se* complaint. On August 18, 1981 defendant Miller filed an answer to the complaint claiming, *inter alia*, that the action was barred by the statute of limitations and that the court lacked subject matter jurisdiction over the action. Plaintiff then requested on October 22, 1981, a court-appointed attorney. On August 16, 1982 plaintiff's newly appointed counsel signed a stipulation with defendant agreeing that defendant would not be waiving any affirmative defenses by agreeing to accept plaintiff's amended complaint. Plaintiff filed an amended complaint on August 27, 1982. The summons and purported proofs of service of process were filed on October 5, 1982. On December 23, 1982, plaintiff and the defendants filed a Stipulation and Order voluntarily dismissing the complaint against several individuals allegedly connected to the USPC. Finally, on February 28, 1983 plaintiff filed a motion for default judgment due to defendant's delay in answering the amended complaint; the defendant responded on March 17, 1983 and cross-moving for dismissal.

## II.

## DISCUSSION

### A. Motion for Default

■ Fed.R.Civ.P. 55(e) provides that "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." This language is more restrictive than the standard for default entitlement against non-United States defendants. *See* Fed.R.Civ.P. 55(a). Mere failure to respond to the complaint within sixty days does not justify entry of default judgment. *See United States v. Zulli*, 418 F.Supp. 252 (E.D.Pa.1976); *Greenbaum v. United States*, 360 F.Supp. 784 (E.D.Pa.1973). Default is especially inappropriate when the government responds to the complaint by answer or motion soon thereafter. *See* 6 J. Moore, Moore's Federal Practice § 55.12 at 55–321 to 55–322 (1982). Although default has been granted in cases in which the government disobeyed a direct court order, *see, e.g., Alameda v. Secretary of Health, Education and Welfare*, 622 F.2d 1044 (1st Cir.1980); *International Association of Machinists & Aerospace Workers v. National Mediation Board*, 314 F.Supp. 229 (D.C.D.C.1969), no such argument was made here.

■ Finally, the period of delay was not egregious. In fact, over fourteen months passed between the filing of plaintiff's *pro se* complaint, and the filing of his amended complaint, which the defendant United States had agreed all along to accept. Several more months passed after the amended complaint was filed before plaintiff designated exactly which defendants were to be sued. During much of this time in 1981 and 1982, plaintiff was attempting to secure counsel and to determine whom he intended to sue. On the other hand, three months passed between the stipulation of December 23, 1982, which finally established which defendants were being sued, and the defendant's filing of a motion to dismiss. This delay pales in comparison to plaintiff's delay in prosecuting this suit.

Accordingly, plaintiff's motion for default judgment is denied.

### B. Motion to Dismiss

The government moves to dismiss the complaint on the grounds of lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, and statute of limitations. For the reasons that follow, I grant the motion as against all defendants except Warden Miller.

### (1) Waiver of Defenses

■ I first address the preliminary issue whether the defendants waived all the asserted defenses except lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(1) provides:

A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Courts also generally have required that these defenses are timely asserted. *See, e.g., Farmers Elevator Mutual Insurance Co. v. Carl J. Austaud & Sons, Inc.*, 343 F.2d 7 (8th Cir.1965).

Defendants obviously made a motion asserting these defenses; the only question is whether it was timely. For many of the same reasons that led me to conclude that default was inappropriate I find that the motion was timely made. The total time between the filing of the amended complaint and the motion to dismiss was 202 days. Defendants had by statute and by extensions granted by plaintiff, 178 days to answer the amended complaint. Also during that time, defendants' and plaintiff's counsel negotiated and agreed to dismiss the suit against five defendants. A stipulation and order was signed and filed with this court, making such a dismissal on December 23, 1982. Given the complexity and the large number of legal grounds presented in the motion, I cannot find a 24 day delay sufficient to result in a waiver of defendants' affirmative defenses. Moreover, plaintiff was aware since 1981 that defendants were going to make the instant motion. Therefore, he cannot argue surprise or lack of notice.

Defendant Warden Miller, however, presents a different situation. Warden Miller was the only defendant to file an answer to plaintiff's original *pro se* complaint. In that answer, however, defendant Miller asserted only the defenses of failure to state a cause of action, good faith immunity, lack of subject matter jurisdiction, and statute of limitations. Thus, Miller at that point had waived the defenses of lack of personal jurisdiction, insufficiency of service of process, and insufficiency of process. Once waived, Miller cannot resurrect the defenses merely because plaintiff amended his complaint. As the Fourth Circuit recently noted:

The leading commentators are in accord that, once having waived the defense of lack of jurisdiction over the person, as [the defendant] clearly did, Rule 12(g) prevents the defense from being revitalized even though plaintiffs amended their complaint and provided [the defendant] with an opportunity to file a new motion under Rule 12, or an answer setting forth a defense which Rule 12 would permit to be presented by motion. 2A Moore's Federal Practice ¶ 12.22, pp. 2442–43 (1974); Wright and Miller, Federal Practice and Procedure § 1388, p. 845 (1969). They conclude, and we agree, that an amendment to the pleadings permits the responding pleader to assert only such of those defenses which may be presented in a motion under Rule 12 as were not available at the time of his response to the initial pleading. An unasserted defense available at the time of response to an initial pleading may not be asserted when the initial pleading is amended.

*Rowley v. McMillan*, 502 F.2d 1326, 1332–33 (4th Cir.1974). *See also Strauss v.*

*Douglas Aircraft Co.,* 404 F.2d 1152, 1155 (2d Cir.1968) (personal defense of statute of limitations should have been plead "at the earliest possible moment," therefore, leave to amend answer was denied). Accordingly, I find that except for defendant Miller, there has been no waiver of any defenses. Therefore, I turn to the merits of each defense.

(2) Personal Jurisdiction, Service of Process and Venue

 Plaintiff has improperly served individual defendants Carpenter, Sigler, Crawford, Reed, and Holscaw in a forum which is the wrong venue and in which there is no personal jurisdiction.[1] First, under Fed.R. Civ.P. 4(d)(1) & (7) and N.Y.Civ.Prac.Law §§ 308 & 313 (McKinney 1972 & Supp. 1983), service by certified mail alone was improper. Second, there is no venue over the individual defendants. Plaintiff asserted in his complaint that section 1391(e)(4) provides for venue in the Southern District, but as recently stated in *Stafford v. Briggs,* 444 U.S. 527, 542, 100 S.Ct. 774, 783–784, 63 L.Ed.2d 1 (1980):

> A suit for money damages which must be paid out of the pocket of the private individual who happens to be—or formerly was—employed by the Federal Government plaintiff is not one "essentially against the United States," and thus is not encompassed by the venue provisions of § 1391(e).

Section 1391(e) applies only to present federal employees. *Id.* at 535–36, 100 S.Ct. at 780–781. These individual defendants are all former federal employees. The proper venue, thus, "is only in the judicial district where all defendants reside, or in which the claim arose ...." 28 U.S.C. § 1391(b). The southern district of New York is not such a district.

Finally, plaintiff has asserted no possible contacts or other conduct that would establish personal jurisdiction over these defendants in this district. *See Grove Press, Inc. v. Angleton,* 649 F.2d 121 (2d Cir.1981). Accordingly, the complaint against Carpenter, Sigler, Crawford, Reed, and Holscaw is dismissed.

(3) Subject Matter Jurisdiction

 Plaintiff has sued the United States Parole Commission. Without explicit congressional authorization, however, or unless the agency is the offspring of a suable entity, a federal government agency cannot be sued in its own name. *See Blackmar v. Guerre,* 342 U.S. 512, 514–15, 72 S.Ct. 410, 411–412, 96 L.Ed. 534 (1952); *Helash v. Ballard,* 638 F.2d 74, 76 (9th Cir.1980). Therefore, the complaint against the United States Parole Commission is dismissed.

 Plaintiff's action against the United States is either a *Bivens* action based on the Constitution or essentially a tort claim for false imprisonment and intentional indifference to his medical needs. In both situations plaintiff's claim is barred. The Constitution does not waive the federal government's sovereign immunity in a suit for damages. *See Contemporary Mission, Inc. v. U.S. Postal Service,* 648 F.2d 97, 104–05 n. 9 (2d Cir.1981); *Leonhard v. United States,* 633 F.2d 599, 618 n. 27 (2d Cir.1980). *See also* 28 U.S.C. § 1346(b) (1976).[2] The *Bivens* action, thus, is barred by sovereign immunity.[3]

The federal government has waived its sovereign immunity to tort suits to the extent in the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"). Under FTCA section 2675(a), however, the plain-

---

**1.** Plaintiff never actually denies the merits of these defenses, arguing only that they were waived. Because I found that Miller waived these defenses, this section does not apply to him.

**2.** Alternatively, there is arguably no *Bivens* action against the United States, only against individual federal employees. *See Carlson v. Green,*

446 U.S. 14, 18–21, 100 S.Ct. 1468, 1471–1473, 64 L.Ed.2d 15 (1980).

**3.** In addition, a *Bivens* action might be subject to the FTCA's requirements. *See* 28 U.S.C. § 2680(h) (1983); Wright's Federal Civil Rights Cases § 22A at 120 n. 7 (1983 ed.). As such, the action would be barred by 28 U.S.C. § 2675(a). *See infra.*

tiff is not permitted to bring suit against the United States for damages unless he has first presented his claim to the appropriate federal agency.[4] Plaintiff did not meet this statutory prerequisite to bringing suit; therefore, plaintiff's action against the United States is dismissed.

### (4) Statute of Limitations

 The only remaining defendant, Warden Miller, asserts that plaintiff's action is barred by the statute of limitations. There is no specific federal statute of limitations applicable to *Bivens* actions. Thus, I look to the forum state, New York's, most appropriate statute of limitations period. *See Board of Regents v. Tomanio*, 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–1795, 64 L.Ed.2d 440 (1980).[5]

Two statutory periods are possible. *See Regan v. Sullivan*, 557 F.2d 300, 307 (2d Cir.1977). Section 214(2) provides for a three-year period for "an action to recover upon a liability ... created or imposed by statute." Section 213(1), on the other hand, establishes a six-year period for "an action for which no limitation period is specifically prescribed by law." In *Pauk v. Board of Trustees of City University*, 654 F.2d 856, 861–62 (2d Cir.1981), the Second Circuit held that the three-year period of section 214(2) applies to 42 U.S.C. § 1983 actions.

For several reasons I find that the same statute of limitations that applies to § 1983 suits should apply to *Bivens* suits. *See id.* at 862. Obviously, the *Bivens* suit against federal officials is the analogue to section 1983 suits against state officials. In the context of a government official's immunity the Supreme Court held that the immunity granted an official in a *Bivens* suit should be the same as in a § 1983 suit. *Butz v. Economou*, 438 U.S. 478, 500–01, 504, 98 S.Ct. 2894, 2907–2908, 57 L.Ed.2d 895 (1978). In so doing the court stated that "in the absence of congressional direction to the contrary, there is no basis for according to officials a higher degree of immunity from liability when sued for a constitutional infringement as authorized by *Bivens* than is accorded state officials when sued for the identical violation under section 1983." *Id.* See also *Beard v. Robinson*, 563 F.2d 331, 338 (7th Cir.1977) (the same statute of limitations period applies to *Bivens* and section 1983 actions), *cert. denied*, 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978).

A second reason also compels this result. In concluding that section 214(2) applied to § 1983 suits the *Pauk* court stated that the Constitution could be considered a statute for the purposes of section 214(2).[6] Thus, a *Bivens* claim, which is based on the Constitution, would be "an action to recover upon a liability ... created or imposed by stat-

---

**4.** Section 2675(a) in full provides:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

**5.** Plaintiff's reliance on N.Y.Civ.Prac.Law § 202 (1972) is misplaced. Section 202 requires use of New York's limitations period for a resident's action accruing outside the state. Thus, New York, and not Illinois' statute of limitations is applicable under section 202.

**6.** Alternatively, it is possible to apply § 214(2) directly to § 1983 claims, as Judge Mishler

did, on the rationale that the United States Constitution, on which appellant's claim is founded, should be considered a statute for purposes of § 214(2). Other courts have adopted this rationale in applying local versions of § 214(2) to suits based on constitutional claims. *De Malherbe v. International Union of Elevator Constructors*, 449 F.Supp. 1335, 1350 (N.D.Cal.1978) (U.S. Constitution); *Santa Cruz County v. McKnight*, 20 Ariz. 103, 111, 177 P. 256, 259 (1918) (Arizona Constitution). Moreover, in *Regan v. Sullivan, supra*, we identified § 214(2) as one of two statutes of limitations (along with § 213(1) that might be applicable to claims founded directly on the Constitution pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, supra*.
*Pauk*, 654 F.2d at 865.

ute." For these reasons, therefore, I find section 214(2)'s three-year period applicable to plaintiff's *Bivens* suit.

The parties appear to agree that plaintiff's claim accrued on June 10, 1977. Therefore, since plaintiff did not institute his suit until June 19, 1981, it is time-barred unless the limitations period was tolled. Plaintiff argues that the period was tolled by duress.[7]

Federal courts have held that a limitations period is tolled when a paramount authority prevents a person from exercising his legal rights. *See Braun v. Sauerwein,* 77 U.S. (10 Wall.) 218, 222–23, 19 L.Ed. 895 (1869); *see also Davis v. Wilson,* 349 F.Supp. 905 (E.D.Tenn.1972) (statute of limitations could be tolled a reasonable period while a jailer prevented plaintiff from instituting a suit against the jailer). In the instant action, Ross states that he did not file this action earlier because he was still on parole and he feared retaliation. He cites in support of this fear, the various alleged constitutional deprivations and the Illinois federal court's granting of three habeas corpus petitions as set out in his complaint. Accepting these facts as true as I must, *see Tomarkin v. Ward,* 534 F.Supp. 1224, 1228 (S.D.N.Y.1982), I find them sufficient to allege the duress defense that plaintiff was inhibited from instituting this suit. Accordingly, the statute of limitations may have been tolled and the action may not be dismissed without a more appropriate showing.[8]

In sum, the complaint is dismissed against defendants United States, United States Parole Commission, Carpenter, Sigler, Crawford, Reed, and Holscaw. The motion to dismiss the complaint against Warden Miller, however, is denied.

SO ORDERED.

---

**7.** Plaintiff makes some ambiguous references in his memorandum of law to a claim of a continuing conspiracy even after his release. He never presents any factual allegations in the memorandum or in the complaint that possibly could support such a theory. Accordingly, if he intended to make such an argument it is rejected as unsupported by the pleadings.

---

**8.** I note that given the present posture of this case, and the fact that all witnesses, documents, events, and defendants are located in Illinois, that this may not be the best forum for airing plaintiff's serious complaints.