**ABI INVESTMENT GROUP, et al.**

v.

**FDIC, et al.**

**Civ. No. 92–562–JD.**

United States District Court,
D. New Hampshire.

July 19, 1994.

Dean B. Eggert, Wadleigh, Starr, Peters, Dunn & Chiesa, Manchester, NH, for ABI Inv. Group and Robert S. Audley.

John T. Alexander, Ransmeier & Spellman, Gretchen Leah Witt, US Attorney's Office, Concord, NH, Anne G. Scheer, Gallagher, Callahan & Gartrell, P.A., Concord, NH, Dina L. Biblin, F.D.I.C., Washington, DC, for F.D.I.C.

Joseph F. Shea, Nutter, McClennan & Fish, Steven N. Fuller, Peabody & Brown, Boston, MA, for Banc One.

## ORDER

DiCLERICO, Chief Judge.

The plaintiffs, ABI Investment Group ("ABI") and Robert S. Audley, brought an action against the Federal Deposit Insurance Corporation in its capacity as receiver for the Hillsborough Bank and Trust and the Hillsborough Bank and Trust Company ("FDIC/Receiver"), in its corporate capacity ("FDIC/Corporate"), and against Banc One New Hampshire Asset Management Corporation ("BONHAM"). FDIC/Corporate has moved to dismiss for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction (document no. 21). For the following reasons, the court grants FDIC/Corporate's motion.

## Background

The facts alleged by the plaintiffs are as follows. ABI is a general partnership which purchases and develops real estate. Amended Complaint, ¶ 15. In 1991, Hillsborough Bank and Trust Company ("Hillsborough" or "Bank") through its president and its commercial loan officer, entered into a agreement with ABI to subordinate an existing loan with Hillsborough to other lenders. Amended Complaint, ¶¶ 16, 19.[1] The plaintiffs intended to use the subordination agreement to fund the loan obligation to the Bank. Amended Complaint, ¶ 26. The agreement was in writing, approved by the Bank's president and loan committee, and was an official record of the Bank. Amended Complaint, ¶ 17. Prior to the failure of the Bank, ABI expressed its intent to proceed with the subordination, delivered the necessary documents to the Bank, and requested subordination. Amended Complaint, ¶¶ 18, 20, 22.

The New Hampshire Bank Commissioner appointed the FDIC as receiving and liquidating agent for Hillsborough effective August 30, 1991. Despite repeated requests by ABI, neither FDIC/Receiver, FDIC/Corporate, nor BONHAM have honored or disaffirmed the subordination agreement. Amended Complaint, ¶¶ 23–25. Instead, the FDIC and BONHAM have sought to collect on the loan. Amended Complaint, ¶ 27.

## Discussion

In evaluating a motion to dismiss, the court must deny the motion " 'unless it plainly appears that the plaintiff[s] can prove no set of facts thereunder which would entitle [them] to recover.' " *Pension Plan of Pub. Serv. Co. v. KPMG Peat Marwick,* 815 F.Supp. 52, 54 (D.N.H.1993) (quoting *Roth v.*

---

1. The loan was made to ABI which executed a promissory note to the Bank in the amount of $500,000 and Audley executed a written guaranty. Counterclaim of FDIC/Receiver ("Counterclaim"), ¶¶ 1–2; Plaintiffs' Answer to the Federal Deposit Insurance Corporation as Receiver of Hillsborough Bank and Trust Company Counterclaims ("Answer to Counterclaims"), ¶¶ 1–2. The note was due in June 1989. Counterclaim, ¶ 3; Answer to Counterclaim, ¶ 3. The plaintiffs executed a rider to the note extending its due date. Counterclaim, ¶ 4; Answer to Counterclaim, ¶ 4. The plaintiffs also executed an amendment to the note increasing the principal amount of the note to $650,000 and extending the date of payment to the close of 1992. Counterclaim, ¶ 6; Answer to Counterclaim, ¶ 6.

*United States*, 952 F.2d 611, 613 (1st Cir. 1991)). The plaintiffs are "obliged to set forth in [their] complaint 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Roth*, 952 F.2d at 613 (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)). The court assumes the truthfulness of the facts as alleged by the plaintiffs in the complaint and indulges all reasonable inferences in their favor. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993); *Resolution Trust Corp. v. Driscoll*, 985 F.2d 44, 48 (1st Cir. 1993); *Roth*, 952 F.2d at 613; *see also Pihl v. Massachusetts Dep't of Educ.*, 9 F.3d 184, 187 (1st Cir.1993). However, "[i]n the menagerie of the Civil Rules, the tiger patrolling the courthouse gates is rather tame, but 'not entirely ... toothless.'" *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 52 (1st Cir.1990) (quoting *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir. 1989)). The court's deference to the plaintiffs' complaint "does not extend to legal conclusions, or to bald assertions." *Driscoll*, 985 F.2d at 48 (citations and quotation omitted); *see also Roth*, 952 F.2d at 613 (observing that court need not assume the truthfulness of "'bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation.'" (quoting *Correa–Martinez*, 903 F.2d at 52)).

FDIC/Corporate asserts that the complaint, and in particular, counts I–III, fails to state a claim upon which relief can be granted under any contract theory. FDIC/Corporate contends that it (1) was never a party to the subordination agreement or an owner of the note, (2) has no authority to collect the note, and (3) is not liable for the acts of Hillsborough or FDIC/Receiver. According to FDIC/Corporate, the remaining claims, counts IV–VII, are directed against BONHAM and not FDIC/Corporate. In the alternative, FDIC/Corporate asserts that if the plaintiffs' claims are construed as tort actions against FDIC/Corporate, the court lacks jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. § 1346(b) (West 1993) and 28 U.S.C.A. § 2671 *et seq.* (West 1965 and Supp.1994).

The plaintiffs make a three-pronged attack on FDIC/Corporate's motion to dismiss. First, they assert that FDIC/Corporate has never filed an answer to either the complaint or the amended complaint and therefore FDIC/Corporate is in default. According to the plaintiffs, even if FDIC/Corporate is not in default, FDIC/Corporate is liable for its failure to honor the subordination agreement and for the actions of its agent BONHAM under contract theory. The plaintiffs also dispute FDIC/Corporate's characterization of some of the plaintiffs' claims as sounding in tort.

FDIC/Corporate responds that BONHAM is not its agent. In its view, even if BONHAM is the agent of FDIC/Corporate, the complaint fails to state a claim in contract against BONHAM.

## I. Default

█ At the outset, the court addresses the plaintiffs' assertion that FDIC/Corporate is in default for failing to file a timely answer. Rule 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a). However, the authority to enter default judgments against the United States is limited. *Gulf Coast Galvanizing, Inc. v. Steel Sales Co., Inc.*, 826 F.Supp. 197, 203–204 (S.D.Miss.1993). Pursuant to Fed.R.Civ.P. 55(e), "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." The rationale behind Rule 55(e) is that the "'taxpayers at large should not be subjected to the cost of a judgment entered as a penalty against a government official which comes as a windfall to the individual litigant.'" *Alameda v. Secretary of Health, Educ. and Welfare*, 622 F.2d 1044, 1047 (1st Cir.1980) (quoting *Campbell v. Eastland*, 307 F.2d 478, 491 (5th Cir.1962), *cert. denied*, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963)). The entry of default is a "drastic remedy" and "should be resorted to only in very extreme

circumstances." *Greenbaum v. United States,* 360 F.Supp. 784, 789 (E.D.Pa.1973) (finding default judgment should not be entered against government for failure to file a timely answer to an amended complaint); *see also Ross v. United States,* 574 F.Supp. 536, 538 (S.D.N.Y.1983) (finding failure to respond to the complaint within sixty days does not justify entry of default judgment especially in situations where government responds by answer or motion "soon thereafter.").

The plaintiffs assert that the docket does not reflect an appearance by FDIC/Corporate or an answer to either the November 4, 1992, complaint or the July 6, 1993, amended complaint. Under the local rules, the filing of a motion to dismiss by FDIC/Corporate constitutes an appearance by counsel. *See* N.H. Dist.R. 6.[2] In addition, counsel for FDIC/Corporate made an appearance by filing an answer to the November 4, 1992, complaint.[3] After the amended complaint was filed, BONHAM and FDIC/Receiver each filed answers, but FDIC/Corporate has not filed an answer.[4] It is unclear that the plaintiffs served FDIC/Corporate with a copy of the amended complaint. Even if FDIC/Corporate did receive a copy of the amended complaint, the court finds that entry of default is not appropriate for failure to file a timely response. *Ross,* 574 F.Supp. at

538; *Greenbaum,* 360 F.Supp. at 789. This is especially true in light of the fact that the amended complaint and the November 4, 1992, complaint contain identical claims against FDIC/Corporate and FDIC/Corporate has filed an answer to the earlier complaint.[5] Moreover, while raising the issue of default, the plaintiffs have not moved for a default judgment nor have they supported their claim for relief "by evidence satisfactory to the court." *See* Fed.R.Civ.P. 55(e).

## II. *FDIC/Corporate in its individual capacity*

 The FDIC generally functions in two separate and distinct legal capacities. *FDIC v. Roldan Fonseca,* 795 F.2d 1102, 1109 (1st Cir.1986); *see also Lawson v. FDIC,* 3 F.3d 11, 13 (1st Cir.1993); *Branch v. FDIC,* 825 F.Supp. 384, 391–92 (D.Mass.1993). In its corporate capacity, the FDIC insures deposits in federally insured depository institutions. 12 U.S.C.A. § 1821(a) (West 1989 and Supp.1994); *Lawson,* 3 F.3d at 13; *Branch,* 825 F.Supp. at 391. In its receivership capacity, the FDIC "marshall[s] the insolvent bank's assets and distributes them to the bank's creditors and shareholders." *Branch,* 825 F.Supp. at 391; 12 U.S.C. § 1821(c) & (d).[6] It can liquidate the failed bank or enter into a purchase and assumption agreement with a bridge bank and thereby sell the

---

**2.** Local Rule 6 provides that "[t]he filing of any pleading or other paper, except a motion under Rule 5(b) above, shall constitute an appearance by the attorney who signs it in the case in which the paper is filed, unless the paper states otherwise." N.H. Dist.R. 6.

**3.** Although FDIC/Corporate's and FDIC/Receiver's answer was incorrectly captioned as "Answer of the Federal Deposit Insurance Corporation as Receiver of Hillsborough Bank and Trust," the docket reflects that FDIC/Corporate and FDIC/Receiver were represented by the same counsel who submitted the answer on behalf of both entities. The first line of the answer stated "NOW COME Defendants, the Federal Deposit Insurance Corporation as Receiver of Hillsborough Bank & Trust and the Federal Deposit Insurance Corporation in its Corporate Capacity, and in answer to Plaintiff's Complaint say as follows[.]" Throughout the answer, the defendants make clear that the answer concerns both FDIC/Corporate and FDIC/Receiver. The signature also reveals that counsel signed on behalf of FDIC/Corporate and FDIC/Receiver.

**4.** The certificate of service attached to the amended complaint states that the plaintiffs only sent the amended complaint to Banc One's counsel and BONHAM's counsel. They also served BONHAM with a summons and the amended complaint on September 3, 1993. The return of service states that the deputy sheriff served "the summons and complaint upon the defendant Federal Deposit Insurance Corp. by giving in hand to, Richard Husband, agent/BONHAM...."

**5.** The plaintiffs initially brought an action against FDIC/Receiver, FDIC/Corporate, and Banc One doing business in New Hampshire as BONHAM. The court dismissed all claims against Banc One Corporation individually and permitted the plaintiffs to amend their complaint to clarify any ambiguity that they were suing BONHAM individually.

**6.** The FDIC can also be appointed in a third role as conservator for an insolvent bank. 12 U.S.C.A. § 1821(c) & (d); *Lawson,* 3 F.3d at 13.

assets and liabilities of the failed bank. *Branch,* 825 F.Supp. at 392. When acting in its corporate capacity, the FDIC cannot be held liable for the acts of the FDIC in its receivership capacity. *Roldan Fonseca,* 795 F.2d at 1109.

■ In count I, the plaintiffs allege that the FDIC's failure to honor the subordination agreement amounts to a *de facto* disaffirmance entitling them to damages. Amended Complaint, ¶¶ 28–30. However, the act of disaffirming or repudiating a contract is performed by FDIC/Receiver and not FDIC/Corporate. *See* 12 U.S.C. § 1821(e).[7] FDIC/Corporate can not be held liable for the failure of FDIC/Receiver to disaffirm or repudiate a contract. *Roldan Fonseca,* 795 F.2d at 1109.

In count II, the plaintiffs allege that the FDIC in both capacities was bound to honor the subordination agreement and request, that the FDIC and BONHAM have engaged in "bad faith heel dragging breach of contract" by their failure to disaffirm in a timely manner, and caused the plaintiffs to incur damages. Amended Complaint, ¶¶ 32–35. However, the plaintiffs have not alleged facts establishing that FDIC/Corporate was a party to any contract with the plaintiffs. The allegations concerning failure to disaffirm again involve the receivership capacity and not the corporate capacity of the FDIC.

In count III, the plaintiffs seek a declaration that they are no longer obligated to repay amounts owed on the loan because of the FDIC's and BONHAM's failure to subordinate and an injunction to prevent the defendants from collecting the note. Amended Complaint, ¶¶ 37–39. However, the plaintiffs have once again failed to allege facts demonstrating that FDIC/Corporate was a party to any contract with the plaintiffs.

### III. *FDIC/Corporate as alleged principal of BONHAM*

■ Even assuming that BONHAM is the agent of FDIC/Corporate, the allegations in counts I–III fail to state a claim upon which relief can be granted. Counts I–III each allege in some form that BONHAM failed to honor the subordination agreement. However, as with FDIC/Corporate in its individual capacity, the plaintiffs have failed to allege facts establishing that BONHAM was a party to the subordination agreement.

The parties dispute the theory of liability being asserted in counts IV–VII. If as the plaintiffs suggest, the claims sound in contract, the plaintiffs have failed to allege facts showing that BONHAM was a party to the subordination agreement. However, counts IV–VII appear to sound in tort and the court will analyze them as such. The court will also assume that BONHAM was FDIC/Corporate's agent.

Count IV specifically states that the claim is against Banc One/BONHAM for bad faith claims and settlement practices. The plaintiffs allege that BONHAM owed a duty to act in good faith when handling the ABI account. Amended Complaint, ¶ 43. The duty included making decisions to honor the subordination agreement. *Id.* They further allege that BONHAM breached this duty by failing to honor the subordination agreement and by manipulating the plaintiffs so that they would default on the loan. Amended Complaint, ¶ 45.

In count V, which specifically states that it is directed against Banc One only, the plaintiffs reallege BONHAM's duty of good faith. Amended Complaint, ¶ 49. They allege that BONHAM was subject to N.H.Rev.Stat. Ann. ("RSA") § 358–A, which regulates business practices for consumer protection. They further allege BONHAM "used deceptive representations and practices and en-

---

7. Section 1821 provides in relevant part:

In addition to any other rights a conservator or receiver may have, the conservator or receiver for any insured depository institution may disaffirm or repudiate any contract or lease—
(A) to which such institution is a party;
(B) the performance of which the conservator or receiver, in the conservator's or receiver's discretion, determines to be burdensome; and
(C) the disaffirmance or repudiation of which the conservator or receiver determines, in the conservator's or receiver's discretion, will promote the orderly administration of the institution's affairs.
12 U.S.C. § 1821(e).

gaged in unfair and deceptive acts and practices in the conduct of its trade and commerce within [New Hampshire]" by repeatedly misrepresenting its intentions as to the subordination agreement, and engaged in conduct for personal gain by delaying in honoring the subordination agreement. Amended Complaint, ¶¶ 50, 51.

Count VI, reasserts BONHAM's duty of good faith. Amended Complaint, ¶ 53. The plaintiffs further allege that in violation of RSA § 358–C:3, BONHAM and its representatives "repeatedly made *material false representations* and implications as to the character, extent and amount of an alleged debt, and repeatedly attempted to collect an alleged debt in an *unfair, deceptive and unreasonable manner,*" failed to honor the subordination agreement, and exerted *undue influence* on the plaintiffs to honor the terms of the loan. Amended Complaint, ¶ 54 (emphasis added). As a "direct and *proximate* result of this *tortious* and unlawful conduct," the plaintiffs allegedly suffered damages. Amended Complaint, ¶ 55 (emphasis added).

Count VII is entitled "Action for *Negligent* Account Management" and is specifically directed against BONHAM only. (emphasis added). The plaintiffs allege BONHAM as liquidation agent for the FDIC "*owed a duty* to the plaintiffs *to exercise reasonable care* in its administration of the [ABI] loan agreement and the subordination agreement." Amended Complaint, ¶ 57 (emphasis added). They further allege that despite BONHAM's knowledge of the subordination agreement and ABI's request to subordinate, "BONHAM did *recklessly* and *negligently* persist in seeking to accelerate the underlying obligations of the loan agreement" and also "*negligently breached this duty* of account administration in that it did *recklessly* and *negligently* . . . make demand on the plaintiffs for payment" on the loan agreement. Amended Complaint, ¶¶ 58–61 (emphasis added). The plaintiffs further allege that they suffered damages as a "direct and *proximate* result of

this *negligent* conduct." Amended Complaint, ¶ 62 (emphasis added).

## A. Failure to Name United States as Party

 Under the doctrine of sovereign immunity, the federal government is immune from suit. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer,* —— U.S. ——, ——, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994) (citing *Loeffler v. Frank,* 486 U.S. 549, 554, 108 S.Ct. 1965, 1969, 100 L.Ed.2d 549 (1988)); *FDIC v. diStefano,* 839 F.Supp. 110, 120 (R.I.1993). The consent of the sovereign is necessary before suit may be brought. *Meyer,* —— U.S. at ——, 114 S.Ct. at 1000.

 While 12 U.S.C. § 1819(a) permits the FDIC "[t]o sue and be sued" this section is not an unqualified waiver of sovereign immunity. *See* 28 U.S.C. § 2679 [8]; *see also Meyer,* —— U.S. at —— – ——, 114 S.Ct. at 1000–1001; *FDIC v. James T. Barnes of Puerto Rico, Inc.,* 834 F.Supp. 543, 549 (D.P.R.1993) (citing *Sarraga v. Girod Vela & Co., Inc.,* 649 F.Supp. 11, 12 (D.P.R.1986)); *FDIC v. Manatt,* 723 F.Supp. 99, 102 (E.D.Ark.1989) (" 'sue and be sued' clause does not open the door for tort suits against the FDIC"). The FTCA, however, "waives sovereign immunity for tort claims against the United States and is generally recognized as applicable to claims against FDIC." *FDIC v. F.S.S.S.,* 829 F.Supp. 317, 321 (D. Alaska 1993); *see also Meyer,* —— U.S. ——, 114 S.Ct. at 1000 ("Congress, through the FTCA, limited the scope of sue-and-be-sued waivers . . . ."). The FTCA provides the "exclusive remedy for tort claims against the government." *Manatt,* 723 F.Supp. at 104; *Meyer,* —— U.S. at ——, 114 S.Ct. at 1001.

 Under the FTCA, district courts have jurisdiction over claims against the United States

---

**8.** Section 2679 provides in relevant part:
 (a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable un-

der section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.
28 U.S.C. § 2679(a).

for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). When bringing a tort claim, the FDIC cannot be sued in its own name, rather the proper party to sue is the United States. *Meyer,* —— U.S. at ——, 114 S.Ct. at 1001; *James T. Barnes of Puerto Rico, Inc.,* 834 F.Supp. at 549 (citing *Sarraga,* 649 F.Supp. at 12–13); *F.S.S.S.,* 829 F.Supp. at 321; *Manatt,* 723 F.Supp. at 104. Because the plaintiffs have failed to name the United States as a party, the court is without jurisdiction over counts IV–VII, which sound in tort. Therefore those counts are dismissed. *See Manatt,* 723 F.Supp. at 104 (dismissing counterclaim against FDIC/Corporate for failure to name United States as party).

 Moreover, plaintiffs are barred from bringing suit under the FTCA until they have exhausted their administrative remedies. *McNeil v. United States,* —— U.S. ——, ——–——, 113 S.Ct. 1980, 1983–84, 124 L.Ed.2d 21 (1993) (citing 28 U.S.C. § 2675).[9] "The filing of an administrative claim is a jurisdictional prerequisite." *Manatt,* 723 F.Supp. at 104; *James T. Barnes of Puerto Rico, Inc.,* 834 F.Supp. at 549–50 (dismissing counterclaim against FDIC/Corporate for failure to file administrative claim before filing suit).

 The plaintiffs have not alleged that they filed an administrative claim concerning their tort claims. While FDIC/Corporate acknowledges that the plaintiffs have filed a proof of claim with FDIC/Receiver, that

claim was filed after the plaintiffs brought their action. This failure to file either an administrative claim or await the outcome of an agency determination deprives the court of jurisdiction over tort claims. *McNeil v. United States,* —— U.S. at ——–——, 113 S.Ct. at 1983–84.

*Conclusion*

For the foregoing reasons, the court grants FDIC/Corporate's motion to dismiss (document no. 21).

SO ORDERED.

---

9. Section 2675 provides in relevant part:
(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the

appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.
28 U.S.C. § 2675(a).