Nesbitt v. USA; Graffam          CV-96-594-SD 06/25/97

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

<u>James M. Nesbitt III</u>


    v.                                   Civil No. 96-594-SD

<u>United States of America;</u>
<u>Special Agent Gerald Graffam</u>


**O R D E R**


    Contending that the defendant United States of America has failed to responsively plead in a timely fashion, plaintiff here moves for the entry of default and default judgment.  Document 15.  The defendant objects.  Document 20.[1]


1.  <u>Background</u>

    The complaint in this action was filed on November 27, 1996. By agreement, the defendant was granted until February 28, 1997, to answer or otherwise plead.

    On February 28, 1997, the defendant filed its motion to dismiss on the dual grounds of (1) failure to state a claim, Rule

---

    [1]With leave of the court, the plaintiff has filed a reply to the defendant's objection, document 23, and the court has reviewed this reply.

12(b)(6), Fed. R. Civ. P.,[2] and (2) lack of jurisdiction over the codefendant Gerald Graffam, Rule 12(b)(2), Fed. R. Civ. P.[3] Plaintiff objected to the motion to dismiss, requesting a stay of decision thereon until after April 11, 1997.

At a preliminary pretrial hearing before the court on March 31, 1997, counsel for defendant advised the court that defendant would withdraw that portion of its motion grounded on failure to state a claim but that defendant would press the defense of lack of jurisdiction over the codefendant Graffam.

On April 9, 1997, defendant filed its answer to the complaint. On April 10, 1997, defendant filed its formal written withdrawal of the defense of failure to state a claim. On April 11, 1997, plaintiff filed his motion seeking to strike the defendant's motion to dismiss.

On April 21, 1997, the court issued its order on the pending motions.

--------

[2]The Rule 12(b)(6) motion in this case was grounded on claims of collateral estoppel and immunity. Contrary to plaintiff's suggestion, the defense of collateral estoppel is not limited to inclusion only in a defendant's answer, and it may be raised in a Rule 12(b)(6) motion.

[3]The motion indicated that its jurisdictional defense was grounded on Rule 12(b)(1), lack of jurisdiction over the subject matter, but the court believes its proper designation should be as a motion under Rule 12(b)(2), lack of jurisdiction over the person. However, for the purpose of resolution of the issues now before the court, the distinction is of little moment.

2

## 2. Discussion

Rule 55(a), Fed. R. Civ. P.,[4] authorizes entry of default when a defending party has filed "to plead or otherwise defend" as provided by the Federal Rules of Civil Procedure. The term "otherwise defend" has reference to cases where a defending party has taken affirmative steps to defer the obligation to plead such as filing motions pursuant to Rule 12(b), Fed. R. Civ. P. 10 MOORE'S FEDERAL PRACTICE (THIRD ED.) § 55.10[2][b], at 55-12 (Matthew Bender 1997). Accordingly, default will not be entered against a party who has "otherwise defended" by evidencing an intention to oppose the claim. Id.

That is the circumstance of this case. Here, defendant moved for relief pursuant to Rule 12(b), Fed. R. Civ. P. Service of such motion granted the defendant ten days after notice of the court's action thereon to serve its answer. Rule 12(a)(4), Fed. R. Civ. P.;[5] 2 MOORE'S, supra, § 12.12, at 12-22. Here, the

_____

[4]Rule 55(a), Fed. R. Civ. P., provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

[5]Rule 12(a)(4), Fed. R. Civ. P., provides,

> Unless a different time is fixed by court order, the service of a motion permitted under this rule alters these periods of time as follows:
> (A) if the court denies the motion or postpones its disposition until the trial on the merits,

3

filing of an answer within ten days of the preliminary pretrial hearing on March 31 entirely satisfies, indeed exceeds, that requirement.[6]

It is well established that defaults are disfavored and generally avoided by the courts, there being a strong policy in favor of decisions on the merits and against resolution of cases through default judgments. 10 MOORE'S, supra, § 55.20[2][c], at 55-30. See Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989). Moreover, as a practical matter, even when the government defaults due to a failure to plead or otherwise defend, the courts typically refuse to enter a default. 10 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2702 (West 1983); see ABI Investment Group v. FDIC, 860 F. Supp. 911, 914-15 (D.N.H. 1994) (collecting cases).

It follows that the record in this case fails to support plaintiff's contention that the defendant United States of America has failed to responsively plead in a timely fashion.

_____

the responsive pleading shall be served within 10 days after notice of the court's action; or (B) if the court grants a motion for a more definite statement, the responsive pleading shall be served within 10 days after the service of the more definite statement.

[6]There is no legal merit to plaintiff's argument that the withdrawal of its Rule 12(b)(6) defense somehow deprived defendant of the tolling benefits of Rule 12(a)(4).

4

3. Conclusion

For the reasons hereinabove outlined, the court finds that plaintiff's motion for entry of default and default judgment must be and it is herewith denied.

**SO ORDERED.**


_____
Shane Devine, Senior Judge
United States District Court

June 25, 1997

cc:   Gordon R. Blakeney, Jr., Esq.
      T. David Plourde, Esq.

5