**Richard D. DI FRISCHIA, Appellant,**

v.

**NEW YORK CENTRAL RAILROAD COMPANY.**

No. 13097.

United States Court of Appeals Third Circuit.

Argued April 7, 1960.

Decided June 7, 1960.

Paul E. Moses, Pittsburgh, Pa., Evans, Ivory & Evans, Pittsburgh, Pa., for appellant.

James R. Orr, Pittsburgh, Pa., Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellee.

Before McLAUHGLIN, STALEY and FORMAN, Circuit Judges.

STALEY, Circuit Judge.

This appeal brings before us one narrow issue, i. e., whether or not the district court erred in dismissing the action for want of diversity jurisdiction under the circumstances.

Plaintiff was seriously injured at a grade crossing in Meigs County, Ohio, on January 4, 1957, when struck by a locomotive and train belonging to defendant railroad. Alleging that the accident was caused by the negligence of the defendant and its violation of the Safety Appliance Act, 45 U.S.C.A. § 1 et seq., the plaintiff instituted an action in the District Court for the Western District of Pennsylvania on May 2, 1957. In part, the complaint alleged that the plaintiff was a citizen of Pennsylvania, residing at R.D. #1, Fombell, Beaver County, Pennsylvania, and that defendant was a corporation incorporated under the laws of the State of New York and a citizen of New York. In its answer defendant admitted this allegation but additionally averred that it was a consolidated railroad corporation, organized and existing also under the laws of the Commonwealth of Pennsylvania.

For its first defense the defendant alleged that the district court was without jurisdiction inasmuch as both plaintiff and defendant were citizens of Pennsylvania. Pursuant to Federal Rule of Civil Procedure 12(d), 28 U.S.C.A., plaintiff on September 19, 1957, moved for a preliminary hearing on the questions of jurisdiction and venue raised by the answer. That same day, defendant filed a motion requesting transfer of the action to the District Court for the Southern District of Ohio.

Shortly thereafter a paper entitled "Stipulation and Order of Court Determining Jurisdiction and Venue" was filed. It was signed by counsel for both parties, dated September 26, 1957, and read as follows:

"It is hereby stipulated and agreed between the parties to this action that the jurisdiction and venue of the District Court of the United States for the Western District of Pennsylvania is recognized in this action but that such recognition shall not prejudice the pending argument regarding defendant's motion to transfer said action."

On October 1, 1957, the district court entered an order "that the District Court of the United States for the Western District of Pennsylvania has proper jurisdiction in this action and that proper venue has been established in this action." Accordingly, no preliminary hearing was held and subsequently the motion to transfer was denied.

Extensive trial preparation by both parties transpired in the next 23 months, as is indicated by the 41 intervening docket entries. After all discovery had been completed the case was prepared for pretrial in accordance with Rule 5 (II) of the Rules of the District Court which requires the parties to stipulate in advance to matters not substantially in dispute and to file a brief on any disputed questions of law one week prior to pretrial conference. The defendant failed to file any brief indicating that it contested jurisdiction.

At the pretrial conference held on August 13, 1959, the counsel for defendant indicated he had been instructed "by Cleveland counsel to request counsel for plaintiff to admit that the New York Central Railroad is incorporated in Pennsylvania." Counsel for the plaintiff did not do so, and on August 28, 1959, the defendant filed a motion to dismiss for lack of jurisdiction. The motion raised the same issue as the original answer. Attached to the motion was an exhibit which was a copy of a certificate of the Secretary of the Commonwealth of Pennsylvania which recited that the New York Central Railroad Company was the remaining entity resulting from a consolidation and merger and that on August 18, 1959, it was a presently subsisting corporation of the Commonwealth of Pennsylvania. This motion to dismiss and plaintiff's motion to strike the motion to dismiss [1] came on for hearing on September 17, 1959. On October 8, 1959, the district court dismissed the action and later filed a memorandum in clarification, stating that under the circumstances no exercise of discretion was proper and that plaintiff had taken no action to either admit or deny defendant's alleged incorporation in Pennsylvania.

In its brief the defendant relies on Jacobson v. New York, New Haven & Hartford Railroad Co., 1954, 347 U.S. 909, 74 S.Ct. 474, 98 L.Ed. 1067, which affirmed the opinion of the First Circuit reported in 1 Cir., 1953, 206 F.2d 153. It was there held that multi-state corporations, being citizens of each state of their incorporation, cannot be sued in a federal court on the basis of diversity by a citizen of the state in which the district court sits if the corporation is also incorporated therein. Insofar as our opinions in Gavin v. Hudson & Manhattan R. Co., 3 Cir., 1950, 185 F.2d 104, 27 A.L.R.2d 739, and Bartron v. Delaware River Joint Toll Bridge Commission, 3 Cir., 1954, 216 F.2d 717, certiorari denied, 1955, 348 U.S. 943, 75 S.Ct. 364, 99 L.Ed. 738, hold to the contrary, they are no longer the law.

Be that as it may, this case does not fall within the principles there enunciated, for upon analysis it becomes clear that the defendant, by entering into the so-called stipulation, hereinbefore set forth, following plaintiff's motion for a preliminary hearing on the issue of jurisdiction, in effect amended its answer. Defendant's action amounted to a striking of its defense of lack of jurisdiction and an admission of the jurisdictional facts alleged by plaintiff in his complaint. Furthermore, after full opportunity for presentation of evidence and argument, the district court made a finding upon the undisputed facts that jurisdiction obtained.

We are not unmindful of Federal Rule of Civil Procedure 12(h), 28 U.S.C.A., which states:

"(h) Waiver of Defenses. A party waives all defenses and objections which he does not present

---

1. The plaintiff's motion to strike contended that the motion to dismiss was irregular and untimely and that the question of jurisdiction had been determined by the court.

either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, except (1) that the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, *and except (2) that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.* The objection or defense, if made at the trial, shall be disposed of as provided in Rule 15(b) in the light of any evidence that may have been received." (Emphasis supplied.)

We are equally cognizant of our holding in Hospoder v. United States, 3 Cir., 1953, 209 F.2d 427, 429, where we stated:

"It is axiomatic that jurisdiction may not be conferred or waived by the parties and that courts at every stage of the proceedings may and must examine into its existence."

However, the instant case is governed by a different line of authority that is equally well recognized. In Young v. Handwork, 7 Cir., 1949, 179 F.2d 70, 16 A.L.R.2d 825, certiorari denied 1950, 339 U.S. 949, 70 S.Ct. 804, 805, 94 L. Ed. 1363, we have a similar state of facts, for after raising the question of lack of diversity in its answer the defendants omitted such question from their amended motion and in open court admitted the facts in plaintiff's complaint. Following determination by the court on the merits, the defendant once again attempted to raise the issue, but the court denied leave to file the amendment and the action was sustained by the court of appeals. Similarly, in the instant case the defendant had its opportunity to have the issue heard and to present its position but chose to admit the allegations of plaintiff's complaint. Thereafter it fully participated in the appropriate discovery and pretrial procedures preparatory to trial of the action on the merits. Having done so, a further attempt to amend its answer to return to its previous defense of lack of diversity could certainly not be made as of right. Allowance of such an amendment under the circumstances would be an abuse of discretion. Cf. Klee v. Pittsburgh & West Virginia Railway Co., D.C.W.D.Pa.1958, 22 F.R.D. 252. A defendant may not play fast and loose with the judicial machinery and deceive the courts. Here, defendant's motion of August 28, 1959, which was not made until the statute of limitations had run on plaintiff's claim, had for its basis the same information known to it on September 26, 1957, when it entered into the "stipulation" of jurisdictional facts.

We have had occasion to consider a similar problem in Price v. Greenway, 3 Cir., 1948, 167 F.2d 196, where we held that once an issue of diversity had been decided, even by a different judge, the issue need not and should not be litigated anew, and only new evidence need be considered. Defendant attempts to distinguish the Price case on the ground that there a specific inquiry was made by the court into the facts before decision was rendered. However, such distinction is untenable for in the instant case such inquiry was made unnecessary by the admissions of defendant itself and the court's order was for all intents and purposes identical to that made in Price. Similarly, in Murphy v. Sun Oil Co., 5 Cir., 86 F.2d 895, certiorari denied, 1936, 300 U.S. 683, 57 S.Ct. 754, 81 L.Ed. 886, the court of appeals denied defendant the right to qualify its admission of jurisdictional amount. This case goes no further.

Judgment will be reversed and the cause remanded with directions to proceed in accordance with the opinion of this court.