Morey GREENBAUM

v.

UNITED STATES of America.

Civ. A. No. 69–1036.

United States District Court,
E. D. Pennsylvania.

April 27, 1973.

John J. McCarty, Philadelphia, Pa., for plaintiff.

Robert N. DeLuca, Asst. U. S. Atty., Philadelphia, Pa., Ignazio Ruvolo, Washington, D. C., for defendant.

## OPINION AND ORDER

HUYETT, District Judge.

Plaintiff, Morey Greenbaum, filed suit against defendant, United States of America, under the Federal Tort Claims Act (FTCA), 28 U.S.C.A. § 2671. Plaintiff seeks to recover two hundred thousand dollars ($200,000.00) for injuries suffered by him in a fall at defendant's Bustleton Post Office in Philadelphia, Pennsylvania. The case was tried before this Court on March 8 and 9, 1973. During the first day of trial the Government made a motion to dismiss the case or to hold it in abeyance on the ground that we are without subject matter jurisdiction since this accident occurred while plaintiff was in the course of his employment. Plaintiff has moved for entry of default judgment for failure of defendant to serve its answer to the amended complaint upon counsel within the proper time.

Plaintiff at the time of the accident, March 1, 1968, was an employee of the United States Post Office and worked out of the Bustleton station. The accident occurred on plaintiff's day off as he crossed the parking lot to enter the building through the rear employees' entrance. At trial it was established that one of the reasons he was going to the post office that day was to pick up his paycheck. The Federal Employees Compensation Act (FECA), 5 U.S.C.A. § 8101 et seq., provides that the United States will pay compensation for the disability of an employee resulting from personal injuries sustained while performing his duties. 5 U.S.C.A. § 8102(a). This compensation is the exclusive remedy for anyone within its coverage. 5 U.S.C.A. § 8116(c); United States v. Demko, 385 U.S. 149, 152, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966). The action of the Secretary of Labor in allowing or denying such compensation is final as to facts and law and is not reviewable by a court. 5 U.S.C.A. § 8128(b); Somma v. United States, 283 F.2d 149 (3 Cir. 1960).

The Government claims that we are without jurisdiction to decide this case at this time and that we should either dismiss the action or hold it in abeyance pending a decision by the Secretary of Labor. In Somma v. United States, *supra*, the Third Circuit vacated a judgment and ordered the case held in abeyance until an FECA proceeding was completed because there was a substantial question of coverage on which the Board of Employees Compensation (BEC) had not authoritatively spoken. In a recent case, Joyce v. United States, 474 F.2d 215 (3 Cir., filed Feb. 16, 1973) (per curiam), the court held that coverage under FECA is jurisdictional and that the district court has no discretion to ignore it. The Government asserts that there is a substantial question whether an employee who is injured on government property while coming to pick up his paycheck on his day off is covered by the FECA. Defendant alleges that the BEC has never ruled on the question but cites state court opinions which permit recovery in similar circumstances under state workmen's compensation laws. E.g. Griffin v. Acme Coal Co., 161 Pa.Super. 28, 54 A. 2d 69 (1947) and cases cited therein.

If this were the extent of relevant factors we would agree with defendant that the case must go to the BEC. This case, however, is complicated by the long delay of the Government in asserting that this court lacks jurisdiction over the subject matter.

The accident occurred more than five years ago, on March 1, 1968. The plain-

tiff filed the claim required by the Federal Tort Claims Act, 28 U.S.C.A. § 2675(a), with the Post Office Department on May 17, 1968. Suit was commenced on May 9, 1969, almost one year later in accordance with § 2675(a). In the intervening three and three-quarter years between the filing of the complaint and commencement of the trial defendant never raised the issue of jurisdiction or indicated in any manner that it challenged jurisdiction. There have been numerous pretrial conferences [1] at which no question of jurisdiction was ever raised. Plaintiff prepared final pretrial orders, none of which were ever finally approved, but defendant never objected to the inclusion of a statement indicating that jurisdiction was proper.

■ The fact that defendant was merely late in raising the issue of jurisdiction, however, does not militate against its position. A defense of lack of jurisdiction is not waived because it is delayed.

"[W]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3)

In Joyce v. United States, *supra,* the Government did not raise the defense of lack of jurisdiction until after several days of trial. The circuit court held that the district court erred when it ruled that it had discretion to deny such a motion when the defendant had participated fully "in discovery, pretrial and in the preparation and formulation of the trial. . . ." Joyce v. United States, 329 F.Supp. 1242, 1245 (W.D. Pa.1971), rev'd., 474 F.2d 215 (3 Cir., filed Feb. 16, 1973). The Government strongly urges that we are bound by this rule.

In Joyce, plaintiff, a postal employee, was injured in August, 1968, by a bar of soap thrown or dropped from the window of the United States Post Office and Courthouse Building in Pittsburgh, Pa., as he walked to work on the sidewalk adjacent to the building. Joyce notified the BEC of the accident within two days and averred that the injury was sustained in the performance of his postal duties. BEC subsequently approved the claim and payments of medical bills. Joyce filed suit on February 25, 1971 and the case went to trial on May 20, 1971, less than three months later, at which time the question of jurisdiction arose.

The present case is clearly distinguishable from *Joyce.* This action was filed nearly four years before it went to trial. The only previous claim had been filed pursuant to the FTCA, not the FECA. Plaintiff never claimed that he was injured in the performance of his duties but always asserted that he was a business invitee who was on defendant's premises at the time of the accident to purchase postage stamps.

Plaintiff relies upon DiFrischia v. New York Central Railroad, 279 F.2d 141 (3 Cir. 1960) to support his position that defendant is foreclosed from now raising this issue. In *DiFrischia* the defendant in its answer averred facts which would eliminate diversity of citizenship and raised lack of jurisdiction as its first defense. The parties thereafter entered into a stipulation that the court did have jurisdiction. There then followed extensive trial preparation over a period of twenty-three months during which defendant never indicated that it contested jurisdiction. Finally at the pretrial conference counsel for defendant asked plaintiff's counsel to admit that defendant was incorporated in Pennsylvania. When this request was refused defendant filed a motion to dismiss for lack of jurisdiction. The district court dismissed the action on the grounds that no exercise of discretion was proper and that plaintiff had taken

---

1. This case was originally assigned to Judge Kraft and was transferred to me in 1971. Since that time I have held five pretrial conferences and Magistrate Tullio Gene Leomporra has held one.

no action to either admit or deny defendant's alleged incorporation.

 The Third Circuit in *DiFrischia* ruled that the district court abused its discretion in dismissing the action. The court stated that the stipulation entered into by defendant amounted to an amendment to his answer admitting the jurisdictional facts alleged by plaintiff in his complaint. It would not permit the defendant to "play fast and loose with the judicial machinery and deceive the courts", but required it to abide by its stipulation. The thrust of *DiFrischia* is that while jurisdiction may not be conferred or waived by the parties, a party may be held to an admission of jurisdictional facts. A finding of jurisdiction may thereafter be made on the basis of those facts. See Young v. Handwork, 179 F.2d 70 (7 Cir. 1949); Murphy v. Sun Oil Co., 86 F.2d 895 (5 Cir.), cert. den. 300 U.S. 683, 57 S.Ct. 754, 81 L.Ed. 886 (1936).

The present case is not exactly on point with *DiFrischia*. The Government has never stipulated to jurisdiction or to jurisdictional facts. The problem in this action is the Government's long and inexcusable delay in discovering materials in its own possession which give rise to the issue of FECA coverage. There have been reports which indicated that plaintiff was at the post office to pick up his paycheck in Government files throughout the course of this litigation. The Government counsel who have been assigned to this case never discovered these reports until February, 1973. Even at that time, however, the Government gave no indication that it would dispute jurisdiction.

The preparation of this case by the Government has been quite casual. There have been delays in service of third party complaints[2] and answers. The Government sought no discovery from plaintiff until February, 1973, when it undertook trial preparation "with renewed vigor" because of an increase in the damages sought.[3] Prior to that time it had not even found in Post Office Department files, which were clearly within its control and of great relevance, a statement and a report by James Esposito, Superintendent of the Bustleton Station at the time of the accident. These documents, executed shortly after the accident, indicate that the plaintiff was at the post office that day to pick up his paycheck, the very allegation on which defendant now bases its claim that there is no jurisdiction.

This failure to make reasonable investigation of even Government files in the preparation of this case prevented defendant from actually responding to plaintiff's allegation that he was a business invitee. In answer to that averment in plaintiff's original and amended complaints defendant stated that it lacked sufficient knowledge or information to admit or deny, in accord with Fed.R.Civ.P. 8(b).

 An answer of lack of knowledge or information will usually be deemed a denial. A party, however, may be held to the duty to exert reasonable effort to obtain knowledge of a fact. *See*, Reed v. Turner, 2 F.R.D. 12 (E.D. Pa.1941); 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1262 at 273 (1969). In the present case defendant failed to examine available, highly relevant Government documents which would have given a basis for the belief that plaintiff was not a business invitee and that the Court did not have jurisdiction under the FTCA. A fact which is denied for lack of knowledge

2. The Court earlier dismissed a third-party complaint because the Government failed to make service for more than a year after the complaint was filed. *See*, Greenbaum v. United States of America, Civil No. 69–1036 (E.D.Pa., filed Dec. 1, 1972).

3. On August 9, 1971, the Court ordered that all discovery be completed by October 15, 1971. The Government conducted no discovery at that time even though the case was on the October 25, 1971 trial list. It was later placed on the September 25, 1972 trial list. A report from Magistrate Leomporra stated that both parties indicated at a pretrial conference that discovery was complete.

or information may be deemed admitted if the matter is one to which the party does have knowledge or information. *See,* Mesirow v. Duggan, 240 F.2d 751 (8 Cir.), cert. den. sub nom. Duggan v. Green, 355 U.S. 864, 78 S.Ct. 93, 2 L.Ed. 2d 70 (1957). Defendant in this action failed to undertake even a minimal investigation and should be held to admit facts about which it had information. The Government will be held to an admission that plaintiff was a business invitee at the time of the accident.

Although defendant never actually admitted the significant fact, it clearly acted throughout in a manner which indicated that it did not contest it. At every stage of the proceedings plaintiff asserted his contention that he was a business invitee at the time of the accident without objection of any sort from the Government. Plaintiff prepared a pretrial order and a pretrial memorandum which stated that plaintiff's accident was unrelated to his employment and defendant never objected to that characterization. In a report to the Court on a conference held on July 27, 1972, which was attended by counsel for the plaintiff and the Assistant United States Attorney in charge of the case, Magistrate Leomporra stated as a fact of the case that plaintiff "went to the Post Office to buy some stamps." There is no indication that the Government attorney controverted that statement, and in fact the Government has never claimed that prior to trial it ever voiced any disagreement with plaintiff's allegation. This Court held at least five pretrial conferences and there was no hint of disagreement concerning this fact. It was only when the demand was increased that the Government took this case seriously and made the elementary discovery needed to make this motion.

■ The failure of the defendant to properly pursue this case and to discover this possible jurisdictional defect earlier has caused great possible prejudice to plaintiff. The question of jurisdiction was not raised until trial which was more than five years after the accident. The outermost limit for bringing an action before BEC, even if the Secretary waives the ordinary filing time, is five years.[4] While there is no indication of bad faith on the part of the Government, it did not raise this defense which it had learned of prior to March 1, 1973, when an administrative remedy was still possible, but waited until that fifth anniversary date had safely passed. The court in *Somma, supra,* considered it a relevant factor in distinguishing *Di-Frischia, supra,* that in *DiFrischia* the statute of limitations had run before defendant reasserted its jurisdictional defense. No one could ever justly accuse the Government of playing "fast" with this case, but it plainly played very "loose" in its preparation and has pursued this action in a manner which would have the same result as if the Government had sat on its rights. The effect of the Government's motion would be to allow it to assert a fact which it should have easily discovered early in the proceedings, which defendant throughout the proceedings never allud-

---

4. 5 U.S.C. § 8122 provides in relevant part:
(a) An original claim for compensation
. . .
 (2) for disability shall be made within 60 days after the injury.
However, the Secretary of Labor may allow an original claim for disability to be made within 1 year after the injury for reasonable cause shown . . .
(c) The Secretary may waive compliance with the requirements of this subchapter for giving notice of injury and for filing claim for compensation for disability or death if—

(1) a claim is filed within 5 years after the injury or death; and
(2) the Secretary finds—
 (A) that the failure to comply was due to circumstances beyond the control of the individual claiming benefits; or
 (B) that the individual claiming benefits has shown sufficient cause or reason in explanation of, and material prejudice to the interest of the United States has not resulted from, the failure. . . .

ed to in discussion of the facts and which at this late date would likely deny a remedy to a plaintiff who was understandably misled by these actions. When all of the factors are considered we believe that this case more closely resembles *DiFrischia* than *Somma* or *Joyce,* and that the proper course is to deny the Government's motion.

Plaintiff has moved for entry of a default judgment against defendant for failure to serve him with a timely answer to the amended complaint. That, however, would be a drastic remedy which should be resorted to only in very extreme circumstances. E. F. Hutton & Co. v. Moffatt, 460 F.2d 284 (5 Cir. 1972). A court may not enter a default judgment against the Government merely for failure to file a timely response. *See* Fed.R.Civ.P. 55(e); Fedor v. Ribicoff, 211 F.Supp. 520 (E.D.Pa.1962). Plaintiff's motion must be denied.