RUBIN, Jack B.

v.

BUCKMAN, Esq., Melvin J., Individually, and Melvin J. Buckman, Esq., t/a Mesirov, Gelman, Jaffe, Cramer & Jamieson, a Partnership.

Appeal of Melvin J. BUCKMAN, Esq., individually, and Melvin J. Buckman, Esq., t/a Mesirov, Gelman, Jaffe, Cramer & Jamieson.

No. 83–1285.

United States Court of Appeals, Third Circuit.

Argued Dec. 13, 1983.

Decided Feb. 7, 1984.

Thomas N. O'Neill, Jr., Jeffrey R. Lerman (argued), Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for appellants.

Steven M. Kramer, Robert J. Vedatsky (argued), Philadelphia, Pa., for appellee.

Before SEITZ, Chief Judge, and GARTH and BECKER, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

This is an appeal from an order of the district court vacating a previously granted summary judgment in defendants' favor and dismissing the action for want of subject matter jurisdiction. This court has jurisdiction under 28 U.S.C. § 1291.

Plaintiff Rubin filed an attorney malpractice action against Melvin Buckman and the law firm of which he was a member. Jurisdiction was based on diversity of citizenship, Rubin alleging in his complaint that he was a citizen of Hong Kong. Defendants' answer stated that they lacked sufficient information to know whether this allegation was true. Under Fed.R.Civ.P. 8(b), such an answer has the effect of a denial, and thus plaintiff's citizenship was placed in issue. Defendants also stated, as an affirmative defense, that subject matter jurisdiction did not exist.

The district court proceeded directly to the merits and granted defendants' motion for summary judgment. Plaintiff then filed a motion to reconsider, alleging for the first time that diversity did not exist. In a memorandum accompanying the motion, plaintiff claimed that he was not a citizen of Hong Kong, but was either a U.S. citizen with no U.S. domicile, or was a New Jersey domiciliary. Under either alternative, subject matter jurisdiction would be lacking, since a U.S. citizen with no U.S. domicile cannot sue in diversity, and if plaintiff was a New Jersey resident his citizenship would not have been diverse from all defendants.

In an opinion granting plaintiff's motion, the district court found that plaintiff or his attorneys had either intentionally deceived the court, "so as to be in a position to nullify any adverse judgment," or had been reckless, and in either event had committed "a flagrant violation" of Fed.R.Civ.P. 11. The district judge vacated the order granting summary judgment and dismissed the lawsuit. Defendants' motion to reinstate the summary judgment, or in the alternative for further discovery into whether diversity existed when the complaint was filed, was denied. This appeal followed.

■ Defendants first contend that the district court erred by not holding that plaintiff was bound by his original allegation of Hong Kong citizenship. Defendants do not dispute that ordinarily a court must dismiss an action whenever it appears that subject matter jurisdiction is lacking. Fed. R.Civ.P. 12(h)(3). However, they argue that plaintiff should be estopped from denying his original allegation because it was not made in good faith, citing *Di Frischia v. New York Central Railroad Co.,* 279 F.2d 141 (3d Cir.1960). In that case, the parties stipulated that diversity existed, but after the statute of limitations had run, the defendant railroad challenged diversity and the district court dismissed the action on that ground before trial. A panel of this court reversed, holding that the railroad could not amend its answer to put diversity in issue, and that "a defendant may not play fast and loose with the judicial machinery and deceive the courts." 279 F.2d at 144.

The district judge held that *Di Frischia* was distinguishable because in that case the parties' stipulation made diversity the law of the case, while here the jurisdiction issue "had never been squarely decided by the court." We need not decide whether *Di Frischia* is distinguishable, because subsequent decisions of the Supreme Court have made it clear that subject matter jurisdiction can never be created by estoppel, even as a sanction for conduct such as that here or in *Di Frischia. See, e.g., Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 377 n. 21, 98 S.Ct. 2396, 2404 n. 21, 57 L.Ed.2d 274 (1978).[1] Thus, "[a]lthough we tend to agree that the *Di Frischia* rule is preferable to the present practice, we do not regard ourselves as free to adopt it." *Eisler v. Stritzler,* 535 F.2d 148, 152 (1st Cir.1976). *Di Frischia* can no longer be regarded as the law of this circuit.[2]

---

1. Decisions of the U.S. Supreme Court prior to *Di Frischia* also cast serious doubt, to say the least, on the soundness of the outcome in that case. *See American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–542, 95 L.Ed. 702 (1951); *Mansfield, Coldwater &*

*Lake Michigan Ry. v. Swan,* 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884).

2. No issue of the res judicata effect of the judgment of a court lacking subject matter jurisdiction is presented by this case. *Cf. Insur-*

Defendants urge in the alternative that the district court erred by not allowing them to take further discovery on plaintiff's citizenship and domicile to determine whether diversity actually existed when the complaint was filed. Once the action has been decided on the merits, it seems unfair to defendants to let plaintiffs escape from an adverse judgment on the basis of the new allegations in plaintiff's motion for reconsideration. We see no reason to take plaintiff's new jurisdictional averments at face value, given the Rule 11 violation contained in his complaint and the district court's conclusion, which we fully share, that "[o]ne would have to be naive indeed" to believe that plaintiff's counsel learned of the existence of a jurisdictional defect only after the entry of an adverse judgment on the merits.

■ The district judge denied appellants' request for further discovery on jurisdiction, holding that they knew or should have known that plaintiff's statement that he was a Hong Kong citizen was inaccurate, since plaintiff stated in his deposition that he has a U.S. passport. However, diversity could still exist depending on whether plaintiff had a U.S. domicile when the complaint was filed, and if so, where. Indeed, defendants point out that in the same memorandum of law in which plaintiff stated that he had either no U.S. domicile or a New Jersey domicile, he also stated that he was purchasing a townhouse in Phoenix, Arizona. If plaintiff was an Arizona domiciliary when the complaint was filed, then diversity might exist. Under the circumstances, we believe that the district judge should have allowed defendants an opportunity to elicit evidence showing that diversity did exist. The precise scope of discovery and the nature of further proceedings is left to the sound exercise of the district judge's discretion. *Cf. Tanzymore v. Bethlehem Steel Corp.,* 457 F.2d 1320, 1324 (3d Cir.1972).

*ance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. at 702 n. 9, 102 S.Ct. at 2104 n. 9 (1982); *Chicot County Drainage Dist.*

■ A final contention involves defendants' request for a sanction in the form of attorney's fees for services incurred in the district court. *See* Fed.R.Civ.P. 11. The district judge determined that an appropriate sanction was an award of $650 in costs, holding that attorney's fees were not justified because defendants knew or should have known that diversity did not exist. However, there was no finding that defendants' denial to the jurisdictional averment for want of information was made in bad faith, and we cannot say that defendants are unreasonable in continuing to pursue the possibility that diversity may have existed when the complaint was filed. On remand the district court should again consider defendants' request for attorney's fees. If either party's bad faith is determinative of whether attorney's fees should be awarded, then the parties should be given an opportunity to present appropriate submissions on that issue.

The order of the district court dated December 10, 1982, will be vacated to the extent that it vacates the order granting summary judgment for defendants, and the case will be remanded to the district court for further proceedings consistent with this opinion. The costs awarded by the district court are not challenged on appeal.

GARTH, Circuit Judge, concurring.

I am in complete agreement with the Court's opinion, which holds that *DiFrischia v. New York Central R.R. Co.,* 279 F.2d 141 (3d Cir.1960), is not the law of this Circuit, thus rejecting any suggestion that federal subject matter jurisdiction can be created by estoppel. I write separately only to stress the fact that our holding here is not in derogation of this Court's Internal Operating Procedures (IOP).

Third Circuit IOP 8(c) provides:

> It is the tradition of this court that reported panel decisions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a

*v. Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940).

previous panel. Court in banc consideration is required to overrule a published opinion of this court.

Where, however, a holding of this Court is overruled or rejected by the Supreme Court, IOP 8(c) does not require in banc consideration in order to align this Court's jurisprudence with Supreme Court teaching. Here, the Supreme Court has been consistent and explicit in ruling that federal subject matter jurisdiction can never be created by the litigants, and indeed may be challenged even by the party who originally invoked it.

This rule has been in force since the infancy of the federal court system, *see Capron v. Van Noorden,* 6 U.S. (2 Cranch) 126, 2 L.Ed. 229 (1804); *see also American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), and as the Court's opinion acknowledges, has now been emphasized by recent expressions of the Supreme Court in *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982), and *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 377 n. 21, 98 S.Ct. 2396, 2404 n. 21, 57 L.Ed.2d 274 (1978).

Because the rule in *DiFrischia* is obviously in conflict with Supreme Court precedent, I agree that it must be overruled, and that our action in rejecting *DiFrischia* may be accomplished without the necessity of an in banc hearing. *See, e.g., West v. Keve,* 721 F.2d 91 (3d Cir.1983); *Halderman v. Pennhurst State School & Hospital,* 673 F.2d 628, 643 (3d Cir.1982) (sur petition for rehearing) (both cases noting that the Supreme Court had overruled the Third Circuit appealability rule requiring quantification of attorney's fees in satisfying 28 U.S.C. § 1291 finality). I therefore join in the Court's opinion.