805 F.2d 1033
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph V. BECK, Plaintiff-Appellant,
v.
The KROGER COMPANY (OHIO): Thomas W. Bertram; The Kroger
Company (Illinois), Defendants-Appellants,
 No. 85-3825.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1986.
 
 1
 Before NELSON and RYAN, Circuit Judges, and ENSLEN, District Judge*.
 
 
 2
 Joseph V. Beck timely filed this appeal from the September 4, 1985, Order of the district court dismissing his complaint. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs of the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Beck, an Ohio citizen, brought this action against The Kroger Company, an Ohio Corporation, and Thomas W. Bertram, a citizen of the state of Illinois, alleging that he suffered personal injuries and property damage in an automobile accident which occurred in Indiana. Beck alleges that the accident occurred as a result of the negligence of defendant Bertram, who was acting within the scope of his employment with defendant Kroger Company. Beck attempted to invoke the Court's diversity jurisdiction pursuant to 28 U.S.C. Sec. 1332. Noting that total diversity of citizenship is lacking, the district court sua sponte dismissed the complaint for lack of subject matter jurisdiction.
 
 
 4
 Diversity of citizenship under 28 U.S.C. Sec. 1332 must be complete. Each defendant must be a citizen of a state different from that of each plaintiff. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). Because the plaintiff and the defendant Kroger are both citizens of Ohio, complete diversity does not exist in this case.
 
 
 5
 Appellant Beck argues that this Court should recognize the exception to this rule found in DiFrischia v. New York Central Railroad Company, 279 F.2d 141 (3d Cir.1960), because defendants admitted the allegations of diversity in their Answer, and because no party objected to the district court's jurisdiction. In DiFrischia, the defendant challenged diversity in its Answer but later entered into a stipulation with the plaintiff that the court did have jurisdiction. Almost two years later, after extensive trial preparation and after the statute of limitations had run on plaintiff's claim, the defendant again challenged diversity and the district court dismissed the action. The Third Circuit Court of Appeals reversed, holding that under the unusual circumstances of the case, dismissal of the complaint was improper because "a defendant may not play fast and loose with the judicial machinery and deceive the courts." Id. at 144. In Rubin v. Buckman, 727 F.2d 71, 72 (3d Cir.1984), DiFrischia was declared no longer to be the law in that Circuit. Moreover, subsequent Supreme Court decisions have made it clear that "no action of the parties can confer subject matter jurisdiction upon a federal court." Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinea, 456 U.S. 694, 702 (1982); Owen Equipment & Erection Co. v. Kroger, supra. Likewise, the failure to object does not deprive the court, or a party, of the right to challenge subject matter jurisdiction at any point in the proceedings. Rule 12(h)(3), Federal Rules of Civil Procedure, provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."
 
 
 6
 The district court correctly dismissed this case for lack of subject matter jurisdiction. Accordingly, it is ORDERED that the district court judgment is affirmed. Rule 9(d)(3), Sixth Circuit Rules.
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation