

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2005

# Inland Steel Co v. Director OWCP

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4269

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Inland Steel Co v. Director OWCP" (2005). *2005 Decisions.* Paper 362.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/362

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 04-4269
_____

INLAND STEEL COMPANY,

                                                            Petitioner

v.

DIRECTOR, OWCP, United States
Department of Labor; SHIRLEY
KINNEY, Widow/Patrick; BENEFITS
REVIEW BOARD,

                                                            Respondents
_____

Petition for Review of an Order of the Benefits Review Board
United States Department of Labor
(BRB No. 04-0151)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 20, 2005

BEFORE: SCIRICA, Chief Judge, VAN ANTWERPEN and
ALDISERT, Circuit Judges

(Filed October 24, 2005)
_____

OPINION OF THE COURT
_____

VAN ANTWERPEN, Circuit Judge

Inland Steel Company ("Inland") brings this Petition for Review of an order of the

Benefits Review Board ("BRB") of the United States Department of Labor, which upheld an award of benefits to Shirley Kinney, the widow of Patrick Kinney. For the reasons set forth below, we deny the Petition.

## I.

Because we write solely for the parties, we recount only those facts relevant to our decision. Patrick Kinney worked in a mine for at least eighteen years, until it closed in 1983. After that he worked in various jobs, but never returned to mining. In 1993 he was diagnosed with synovial carcinoma, and on October 28, 1994, he died at age 54. He was survived by his widow, Shirley Kinney, who is the duly qualified claimant, and three daughters, including Megan Kinney, a proper augmentee.

Shirley filed a claim under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901-950. The Department of Labor subsequently determined that she was entitled to survivor's benefits and issued an award of benefits against Inland. At Inland's request, the matter was referred to the Office of Administrative Law Judges for a formal hearing. The Administrative Law Judge ("ALJ") affirmed the award of benefits on March 23, 2001. Inland appealed to the BRB, which initially affirmed, but, on reconsideration, vacated the award and remanded. On remand, the ALJ again awarded benefits. In reaching his decision, the ALJ relied on the deposition of Dr. John Yerger, who opined that pneumoconiosis accelerated Patrick Kinney's death. Inland again appealed; this time, the BRB affirmed. Inland now appeals to this Court.

2

II.

This Court has jurisdiction to review a decision of the BRB pursuant to 33 U.S.C.

§ 921(c). Our standard of review was set forth succinctly in <u>Lango v. Director, Office of</u>

<u>Workers' Compensation Programs</u>:

> We must decide whether the ALJ or the Benefits Review Board committed an error of law. <u>Kowalchick v. Director, OWCP</u>, 893 F.2d [615, 619 (3d Cir. 1990)]. Under the BRB's standard of review, the ALJ's factual findings must be supported by substantial evidence. <u>Id.</u> Therefore, this court must, when reviewing factual findings, "independently review the record and decide whether the ALJ's findings are supported by substantial evidence." <u>Id.</u> (citations omitted).

104 F.3d 573, 576 (3d Cir. 1997).

III.

By virtue of 30 U.S.C. § 901(a), Congress, in cooperation with the states,

established a system to provide benefits to coal miners (and their surviving dependents)

who have become totally disabled due to legal pneumoconiosis. Benefits are paid to an

eligible survivor of a miner who died as a result of pneumoconiosis if the claimant can

prove that: "(1) [t]he miner had pneumoconiosis (see § 718.202); (2) [t]he miner's

pneumoconiosis arose out of coal mine employment (see § 718.203); and (3) [t]he miner's

death was due to pneumoconiosis as provided by this section." 20 C.F.R. § 718.205(a)

(2005). The sole question before us is whether substantial evidence supports the finding

that Patrick Kinney's death was "due to pneumoconiosis."

When a miner's death is caused by a medical condition unrelated to

3

pneumoconiosis, a claimant is entitled to benefits only if "the evidence establishes that pneumoconiosis was a substantially contributing cause of death." 20 C.F.R. § 718.205(c)(4). "[P]neumoconiosis is a substantially contributing cause whenever it actually hastens a miner's death even if a disease unrelated to pneumoconiosis played a role as well." Lango, 104 F.3d at 576 (citing Lukosevicz v. Director, OWCP, 888 F.2d 1001, 1006 (3d Cir. 1989); see also 20 C.F.R. § 718.205(c)(5). Therefore, if the record evidence substantially supports a finding that Kinney's pneumoconiosis hastened his death, the ALJ's decision should stand.

Inland takes issue with this Circuit's legal standard for evaluating whether pneumoconiosis "hastens" death. Inland would have us adopt what it considers to be the standard adopted in Eastover Mining Co. v. Williams by the Sixth Circuit[1], where the court stated:

> One can always claim . . . that if pneumoconiosis makes someone weaker, it makes them less resistant to some other trauma. If, for instance, a miner with pneumoconiosis gets hit by a train and bleeds to death, [Dr.] Woolum (or someone adopting his position) would argue that the pneumoconiosis "hastened" his death because he bled to death somewhat more quickly than someone without pneumoconiosis. . . . Legal pneumoconiosis only "hastens" a death if it does so through a specifically defined process that reduces the miner's life by an estimable time.

338 F.3d 501, 517-18 (6th Cir. 2003) (emphasis added). Inland argues that under this approach, we may only find that pneumoconiosis "hastens" a miner's death if the record

---

[1] We question whether this "standard" was adopted by the Sixth Circuit, as it appears to be mere dicta and has not been cited by any other Sixth Circuit Court of Appeals decision addressing the "hastening" issue.

4

evidence demonstrates (1) a process by which the disease contributed to the death, and (2) an estimate of how much longer the miner might have lived had he not become afflicted with pneumoconiosis.

The first consideration is undoubtedly already a part of this Circuit's reasoning. We have previously stated that an award of benefits must be supported by more than a "mere statement of a conclusion by a physician," and instead requires an explanation of the reasoning underlying the statement. Lango, 104 F.3d at 577. Therefore, "the ALJ may permissibly require the treating physician to provide more than a conclusory statement before finding that pneumoconiosis contributed to the miner's death." Id. In this case, Dr. Yerger explained that pneumoconiosis and centrilobular emphysema reduced Kinney's ability to oxygenate his blood. These ailments combined with his sarcoma to produce breathlessness, which then induced cardio-respiratory arrest. As the BRB recognized, the record contains substantial evidence demonstrating the process by which the disease substantially contributed to Kinney's death.

The only issue remaining is whether the record evidence must also include an estimate of how much longer Kinney would have lived had he not been afflicted with pneumoconiosis. Although Inland claims that this question "is neither inconsistent with this Court's discussion of the standard or burdensome to the parties," (Appellant Brief at 16), Petitioner fails to explain how this information is germane under our precedent.[2]

---

[2] We do not have the authority to overrule a prior precedent of this Court unless its holding has been "overruled or rejected by the Supreme Court" or by an en banc panel of

In Lukosevicz, 888 F.2d at 1004, we held that a "condition that hastens death, <u>even briefly</u>, can be considered a substantially contributing cause of death." (emphasis added.) Furthermore, we have explained that "a testifying physician need not express his conclusions in terms of reasonable degree of medical certainty to be credited by the ALJ; the ALJ must instead accept a documented opinion of a physician exercising reasoned medical judgment." <u>Mancia v. Director, Office of Workers' Compensation Programs</u>, 130 F.3d 579, 588 (3d Cir. 1997) (quoting <u>Tennessee Consolidated Coal Co. v. Crisp</u>, 866 F.2d 179, 185 (6th Cir. 1989)) (quotation marks omitted). "Reasoned medical judgment has been defined . . . as a hypothesis representing a physician's professional judgment as to the most likely one among the possible causes of the physical condition involved." <u>Id.</u> at 589 (quoting <u>Brazzalle v. Director, OWCP</u>, 803 F.2d 934, 936 (8th Cir. 1986)). None of this is consistent with Inland's position.

Instead, Inland's approach would unnecessarily and improperly raise the burden on a claimant to produce evidence to a medical degree of certainty not previously demanded in this Circuit. Here, Dr. Yerger testified that pneumoconiosis accelerated Kinney's death. Although evidence that Kinney would have lived a day, a week, or a year longer certainly would have strengthened Respondent's claim, the lack of such evidence does not undercut the ALJ's findings. Because Dr. Yerger's testimony was sufficient to support the ALJ's decision, we will deny the petition.

this Court. <u>Rubin v. Buckman</u>, 727 F.2d 71, 73-74 (3d Cir. 1984) (Garth, J., concurring) (discussing Third Circuit Internal Operating Procedure ("IOP") 8©, now IOP 9.1).